**Christopher J. Drotzmann, OSB No. 962636**
Email: cdrotzmann@davisrothwell.com
**Sean D. McKean, OSB No. 204142**
Email: smckean@davisrothwell.com
**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 S.W. Market Street, Suite 1800
Portland, Oregon 97201
Tel:  (503) 222-4422
Fax:  (503) 222-4428

**Of Attorneys for Defendants**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON - PORTLAND DIVISION

| | |
|---|---|
| STEVEN L. STANLEY, | |
| Plaintiff, | Case No. 3:21-cv-193-MO |
| v. | **DEFENDANTS' SECOND FED. R. CIV. P. 12 MOTIONS** |
| COMMUNITY DEVELOPMENT PARTNERS (CDP) – ERIK PAINE; KYLE PAINE, BRADFORD LONG; GUARDIAN MANAGEMENT, LLC, | **ORAL ARGUMENT REQUESTED** |
| Defendants. | |

**COMPLIANCE WITH LOCAL RULE 7-1**

Counsel for defendants discussed the substance of this motion via telephone conference

with plaintiff on May 11, 2021, in a good-faith effort to resolve this dispute.

**COMPLIANCE WITH LOCAL RULE 7-2**

These motions comply with the word limit and page limit set forth in Local Rule 7-2.

/ / /

Page 1   **DEFENDANTS' SECOND FED. R. CIV. P. 12 MOTIONS**

**DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON  97201
**T (503) 222-4422  F (503) 222-4428**

L:\3500.0041-Stanley\PLD\Motions to Dismiss Amended Complaint.docx

## MOTION 1

For an order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing plaintiff's First Claim for Relief, alleging discrimination under the Americans with Disabilities Act, because it fails to state a claim from which relief can be granted.

## LEGAL MEMORANDUM IN SUPPORT OF MOTION 1

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action exist. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Nor will mere labels and legal conclusions. *Id.* The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Such "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 555.

The ADA prohibits discrimination against a qualified individual on the basis of disability. 42 U.S.C. § 12112(a). The ADA also imposes an affirmative duty upon providers of public accommodation to provide reasonable accommodations for known disabilities, unless doing so would result in undue hardship. 42 U.S.C. § 12182(2)(A)(ii). There is "no significant difference in the analysis or rights and obligations" of a landlord's duty to provide reasonable accommodations under the ADA and the Fair Housing Amendments Act ("FHAA"). *Giebler v. M & B Associates*, 343 F.3d 1143, 1149 (9th Cir. 2003) (quoting *Vinson v. Thomas*, 288 F.3d 1145, 1152 n.7 (9th Cir. 2002)).

Under either act, to make out a claim based on a failure to reasonably accommodate, plaintiff must establish that (1) he is disabled as defined by the ADA; (2) defendants know or reasonably should have known of the plaintiff's disability; (3) accommodation of the disability

/ / /

Page 2   **DEFENDANTS' SECOND FED. R. CIV. P. 12 MOTIONS**

L:\3500.0041-Stanley\PLD\Motions to Dismiss Amended Complaint.docx

**DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON  97201
T (503) 222-4422  F (503) 222-4428

"may be necessary" to afford plaintiff an equal opportunity to use and enjoy the dwellings; and

(4) defendants refused to make such accommodation. *Giebler*, 343 F.3d at 1147.

A.    **Plaintiff Has Not Alleged That Defendants Denied a Reasonable Accommodation Because Plaintiff Does Not Allege That Any of Plaintiff's Suggested Accommodations Were Ever Requested.**

Defendants understand plaintiff to be alleging that defendants failed to make the

following accommodations:

1.    Enforcement of no smoking policy. *Amended Complaint* ¶ 19.

2.    Compliance with signage requirements of the Clean-Air Act. *Amended Complaint* ¶ 19.

3.    Taking some unspecified action in response to alleged criminal conduct by other tenants. *Amended Complaint* ¶ 19.

4.    The creation of a designated area of the building for non-smokers. *Amended Complaint* ¶ 20.

But plaintiff does not plead that he *actually made* any of the requests for accommodation.

Accordingly, plaintiff's claim fails because defendants could not have refused an

accommodation that was never requested.

A claim for failure to provide a reasonable accommodation fails where the plaintiff did

not request the specific accommodation they claim the defendant failed to provide. *Dewitt v.

Southwestern Bell Telephone Company*, 845 F.3d 1299, 1316 (2017). A housing provider must

know that an accommodation is necessary in order to become liable for refusing it. *Keys Youth

Servs., Inc. v. City of Olathe*, 248 F.3d 1267, 1275 (10th Cir. 2001). Merely providing

information suggesting that an accommodation might be necessary is insufficient. *See Gaston v.

Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1364 (11th Cir. 1999).

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

L:\3500.0041-Stanley\PLD\Motions to Dismiss Amended Complaint.docx

A resident makes a reasonable modification request when the resident makes clear to the housing provider that he is requesting an exception, change, or adjustment to a rule, policy, practice, or service because of his disability. Joint Statement of the Department of Housing and Urban Development and the Department of Justice, *Reasonable Accommodations Under the Fair Housing Act* (May 14, 2004), https://www.justice.gov/crt/us-department-housing-and-urban-development ("Joint Statement on Reasonable Accommodations"); *See Austin v. Town of Farmington*, 826 F.3d 622, 628 n. 7 (2nd Cir. 2016) (acknowledging an analogous Joint Statement on Reasonable Modifications as entitled to Skidmore deference). To do so, a resident must explain that the resident has a disability, the accommodation requested, and the relationship between the requested accommodation and the disability. Joint Statement on Reasonable Accommodations. The request must be made in a manner that a reasonable person would understand to be a request for an accommodation. *Id.*

Plaintiff has not pled that he ever communicated to any defendant that he suffered from any of his alleged disabilities. Nor has plaintiff pled that he ever made a specific request to any defendant to accommodate any of those alleged disabilities. Nor has plaintiff pled that he ever explained to defendants the relationship between his alleged disability and any of his requested accommodations.

Plaintiff's complaint alleges that he "went to great length and took countless steps with regard to countless complaints." *Amended Complaint* ¶ 3. But plaintiff does not explain what those complaints were, or pled any facts to suggest that such complaints included an explanation of his alleged disability and a request for accommodation. Plaintiff does allege that defendants began ignoring the no-smoking policy, *Amended Complaint* ¶, and that he "complained countless times about these conditions, defendants['] non-enforcement, ignoring compliance with these mandatory no smoking requirements, non-compliance with the state and city laws and

Page 4    **DEFENDANTS' SECOND FED. R. CIV. P. 12 MOTIONS**

L:\3500.0041-Stanley\PLD\Motions to Dismiss Amended Complaint.docx

**DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

ordinances that require specific no smoking signage." *Amended Complaint* ¶ 10. And plaintiff alleges that defendants were fully aware of the "felony conduct" of other tenants. *Amended Complaint* ¶ 19. But plaintiff does not allege that he ever made any of these complaints in the context of a request for reasonable accommodation or that he ever communicated that his complaints related to any disability or his need for an accommodation to be made to use his unit. And plaintiff does not plead any facts suggesting that he ever requested that defendants designate an area of the building as non-smoking. An accommodation request can only be denied if it was requested first place. Plaintiff has not pled that he ever informed defendants that he suffered from the alleged disabilities or explained that his complaints regarding the alleged conditions were accommodation requests related to such disabilities. As a result, plaintiff fails to state a claim for the denial of a reasonable accommodation, as a matter of law, because there was no requested accommodation defendants could have denied.

**B.       Plaintiff's Requested Accommodations Are Not Reasonable.**

Plaintiff's claim for relief also fails because, as a matter of law, his requested accommodations are not reasonable. The Ninth Circuit has made clear that "only 'reasonable' accommodations are required[.]" *Giebler*, 343 F.3d at 1148. An accommodation is reasonable when it imposes no fundamental alteration in the nature of the program or undue financial or administrative burdens. *Id.* at 1157. The obligation to provide reasonable accommodations does not require a landlord to provide an accommodation that is inconsistent with the contractual rights of other tenants. *See Laurin v. Providence Hosp.*, 150 F.3d 52, 60 (1st Cir. 1998) (reasonable accommodations in employment context do not require interference with contractual rights of other employees).

/ / /

/ / /

Page 5   **DEFENDANTS' SECOND FED. R. CIV. P. 12 MOTIONS**

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

1.        **Enforcement of Non-Smoking Policy.**

Plaintiff's requested accommodation regarding the enforcement of the non-smoking policy is not reasonable because it would impose undue administrative burdens on defendants. Requiring defendants to strictly enforce the no-smoking policy against other tenants would require defendants to continually monitor the complex for an indefinite time to identify which tenants were violating the no-smoking policy. And doing so would interfere with the rights of other tenants, as it would subject them to additional surveillance and scrutiny. In addition, even if defendants were to engage in such monitoring, there is no way to ensure that other tenants would comply with the policy. Thus, defendants' failure to engage in an indefinite increase in administrative costs with no certain effectiveness does not constitute a failure to provide reasonable accommodation. *See Groner v. Golden Gate Apartments*, 250 F.3d 1039, 1046 (6th Cir. 2001) (Accommodation not reasonable where it would require landlord to monitor for tenant complaints for an indefinite period and such accommodation had proven to be ineffective in the past).

2.        **Clean-Air Act.**

To begin, even plaintiff's request that defendants comply with the Clean-Air Act could be reasonable, plaintiff has failed to plead facts sufficient to establish that he actually made that request. On that basis alone, plaintiff's claim fails. In addition, plaintiff alleges that tenants smoke at Milepost 5 despite no-smoking policies in the lease. As a result, it is unlikely that plaintiff's request would alleviate the conditions that affect his alleged disabilities. An accommodation request is unreasonable where it is unlikely to be effective. *See Groner*, 250 F.3d at 1046. For that reason, plaintiff's requested accommodation is unreasonable.

/ / /

/ / /

**DEFENDANTS' SECOND FED. R. CIV. P. 12 MOTIONS**

**DAVIS ROTHWELL**
**EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

L:\3500.0041-Stanley\PLD\Motions to Dismiss Amended Complaint.docx

### 3.      Response to Alleged Criminal Conduct of Other Tenants.

Plaintiff's request that defendants engage in some unspecified response to the alleged criminal conduct of other tenants is wholly unrelated to any of plaintiff's alleged disabilities. Plaintiff provides no explanation regarding how any of his disabilities is impacted by the criminal actions of other tenants that he alleges. *Bronk v. Ineichen*¸ 54 F.3d 425, 429 (7th Cir. 1995) (requested accommodation must relate to the alleged disability). And even if he did, plaintiff's claim fails because his requested accommodation is not reasonable.

To begin, plaintiff's requested accommodation is unreasonable because plaintiff has not requested any particular accommodation. Rather, plaintiff alleges that "Defendants simply refuse to act, take any action in regard to this felony tenant conduct[.]" *Amended Complaint* ¶ 19. But plaintiff does not specify what action he has requested that defendants take. And, any action defendants would take with respect to other residents would be inconsistent with the contract rights of those residents in their lease agreements. Plaintiff is not the only resident at Milepost 5 to whom defendants owe contractual duties under the lease. It cannot be a reasonable accommodation to require defendants to take adverse action with respect to other tenants simply because plaintiff has accused those tenants of engaging in criminal conduct.

### 4.      Designated Area for Non-Smokers.

Plaintiff's request that an area of the building be designated for non-smokers fails because it either was not denied or is not reasonable. It is uncontested that *all* of Milepost 5 is designated as non-smoking. As a result, to the extent plaintiff merely requests a non-smoking designation for an area of the building, that request was not denied because every area of the building is non-smoking. But plaintiff's request appears broader than that. Plaintiff appears to be requesting that defendants designate an area of the building for tenants who do not smoke, move those tenants into that area of the building, and move all smoking tenants out of that area of the

**DAVIS ROTHWELL**
**EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

building. *See Amended Complaint* ¶ 20. That request is unreasonable on its face. To begin, it is unclear how defendants would be able to identify which tenants do and do not smoke. And even if defendants could, plaintiff's request would require defendants to breach its lease agreements with almost every tenant in the building. In order to create such a non-smoking wing of the building, defendants would need to evict every tenant in the designated wing who smokes. Defendants would then need to evict non-smoking tenants in other areas of the building to move the evicted tenants and force those tenants to trade units. Such a request is plainly unreasonable because identifying smoking and non-smoking tenants to switch units would impose a large administrative burden and such a mass eviction would change the very nature of defendants' relationship with their tenants and force defendants to incur undue financial burdens due to the breach of multiple lease agreements with tenants not parties to this action. Because none of plaintiff's proposed accommodations are reasonable, plaintiff fails to state a claim for discrimination, and his first claim for relief should be dismissed.

### C.     Plaintiff Has Not Pled a Qualifying Disability.

Plaintiff's claim fails because plaintiff was not disabled, as that term is defined by the ADA. A plaintiff has a qualifying handicap where the plaintiff has "a physical or mental impairment that substantially limits one or more [of his] major life activities." 42 U.S.C. § 12102(1). In order to determine if a plaintiff is disabled, as defined by the ADA, courts apply a three-step test: (1) whether the alleged disability is a physical impairment; (2) whether the life activity upon which the plaintiff relies is a major life activity; (2) whether the impairment substantially limits the major life activity. *Bragdon v. Abbott*, 524 U.S. 624, 631, 118 S. Ct. 2196 (1998).

"Major life activities means functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." 24 C.F.R.

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

§ 100.201(b). A complaint fails to allege facts sufficient to establish that an impairment is a qualifying disability under the ADA when the complaint does not allege how the major life activity alleged was affected by the impairment. *See Jones v. STOA International/Florida, Inc.*, 422 Fed.Appx. 851, 853 (11th Cir. 2011) (unreported). "'A 'substantial limitation' [of a major life activity] is not a mere difference in an ability to perform a particular act;' the limitation must in fact be substantial." *Higley v. Rick's Floor Covering, Inc.*, 400 Fed.Appx. 244, 245 (9th Cir. 2010) (unreported).

Allegations that a plaintiff suffers from asthma, without more, are insufficient to establish that the plaintiff has a qualifying disability. *See Hudson v. Tyson Farms, Inc.*, 769 Fed.Appx. 911, 917 (11th Cir. 2019) (unreported); *Hare v. Donahoe*, 608 Fed.Appx. 627, 631 (10th Cir. 2015) (unpublished); *Darnell v. Principi*, 03-987-KI, 2004 WL 1824120, *5 (D. Or. Aug 4, 2004). Additionally, allegations that a plaintiff's asthma substantially limits a plaintiff's major life activities only in the complained of environment are insufficient to constitute a disability under the ADA. *See Darnell*, 2004 WL 1824120 at *3. Allergies that moderately impact a plaintiff's daily living are also not sufficient to qualify as a disability under the ADA. *Hustvet v. Allina Health System*, 910 F.3d 399, 411 (8th Cir. 2018).

Plaintiff alleges three "impairments" as his alleged qualifying disabilities: "Plaintiff's HIV status, asthma, or allergies[.]" *Amended Complaint* ¶ 18. Plaintiff's complaint contains only "a formulaic recitation" of the types of major life activities the regulations list as qualifying major life activities as being affected by those impairments. *See Amended Complaint* ¶ 18 ("i.e., breathing, walking, performing manual tasks, shortness of breath (SOB), working, life's choices in education, employment, family and financial undertakings"). But plaintiff's complaint does not explain how those major life activities are affected by any of plaintiff's alleged impairments, nor does it differentiate which major life activities are affected by which conditions.

**DAVIS ROTHWELL**
**EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

The only condition for which plaintiff provides any explanation of the impairment that affects his major life activities is plaintiff's asthma. *See Amended Complaint* ¶ 21. Plaintiff claims that the air at Milepost 5 has become so toxic that it has become medically necessary for him to vacate. But, as this court has noted, severe asthma symptoms that occur only in the complained of location are insufficient to establish that the plaintiff suffers from a disability under the ADA. *Darnell*, 2004 WL 1824120 at *5. Because plaintiff has not pled facts sufficient to establish that he suffers from a qualifying disability, plaintiff's first claim for relief fails to state a claim and should be dismissed.

## MOTION 2

If this court grants Motion 1, for an order, pursuant to Fed. R. Civ. P. 12(b)(1), dismissing plaintiff's Third Claim for Relief, alleging fraud, because this court lacks subject matter jurisdiction over those claims.

## MOTION 3

For an order, pursuant to Fed. R. Civ. P. 12(b)(1), dismissing plaintiff's Third Claim for Relief, alleging fraud, because plaintiff does not have standing to bring such a claim.

## MOTION 4

For an order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing plaintiff's Third Claim for Relief, alleging fraud, because it fails to state a claim from which relief can be granted.

## LEGAL MEMORANDUM IN SUPPORT OF MOTIONS 2, 3, AND 4

The elements of a fraud claim are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on the representation's truth; (8) the hearer's

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

right to rely on the representations; and (9) the hearer's consequent and proximate injury. *Burgdorf v. Weston*, 259 Or.App. 755, 771, 316 P.3d 303 (2013).

### 1.    Plaintiff's Allegations of Fraud.

Plaintiff's Third Claim for Relief alleging fraud makes numerous separate allegations of fraud. None of plaintiff's claims state a claim for relief. For the sake of clarity, defendants understand plaintiff to be making the following claims:

1.    Defendants misrepresented the cost of rent to plaintiff. *Amended Complaint* ¶ 29.

2.    Defendants' online presence misrepresented the library amenities at Milepost 5, which induced plaintiff's decision to rent a unit at Milepost 5. *Amended Complaint* ¶ 30.

3.    Defendants misrepresented the "vetting" process of prospective tenants. *Amended Complaint* ¶ 31.

4.    Defendants fraudulently received rent assistance payments on behalf of other third-party tenants, misrepresented information regarding those third-party tenants to the federal government, and forged those third-party tenant's lease agreements. *Amended Complaint* ¶ 32.

5.    Defendants misrepresented information in their application to HUD and the IRS to obtain "tax credit low income certification." *Amended Complaint* ¶ 33.

6.    Defendants misused federal funds earmarked for Milepost 5 for renovations of other properties. *Amended Complaint* ¶ 33.

### 2.    If this Court Dismisses Plaintiff's ADA Claim, it Should Dismiss Plaintiff's Remaining Fraud Claims Because Plaintiff Pleads Only State Law Claims.

Plaintiff alleges only state law fraud claims. Plaintiff does not allege that his fraud causes of action are based on any federal law. Plaintiff's second fraud claim cites the Federal Trade Commission Act. *Amended Complaint* ¶ 30. But that act does not provide plaintiff with a cause of action, it merely defines unfair trade practices. Plaintiff's cause of action is still a state law

**DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON  97201
T (503) 222-4422  F (503) 222-4428

fraud claim. As a result, if this court dismisses plaintiff's ADA claims and plaintiff's fraud claim

based on federal law, it should also dismiss plaintiff's state law fraud claims. "A court may

decline to exercise supplemental jurisdiction over state-law claims once it has 'dismissed all

claims over which it has original jurisdiction.'" *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001).

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of

factors . . . will point toward declining to exercise jurisdiction over the remaining state-law

claims." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1977) (*en banc*) (quoting

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614 (1988)).

### 3.    Plaintiff's First Three Fraud Claims Are Barred by His Prior Settlement Agreement.

Plaintiff's first three fraud claims, to the extent they state a claim at all, necessarily relate

to plaintiff's decision to enter into his lease agreement. But plaintiff has already released all

claims related to his tenancy at the time he entered into his lease agreement. Accordingly,

plaintiff's first three fraud claims fail to state a claim for which relief can be granted.

Courts ruling on a Motion to Dismiss generally may not consider documents outside of

the complaint. *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 34 (1st

Cir. 2001).  However, there is a "narrow exception 'for documents the authenticity of which are

not disputed by the parties . . .' or for documents sufficiently referred to in the complaint." *Id.*

Where a settlement agreement is referred to in a complaint, a court may consider whether its

application precludes a plaintiff's complaint in a motion to dismiss. *Id.* at 34.

Here, plaintiff attached to his first *Complaint* a prior Confidential Mutual Release and

Settlement Agreement ("Settlement Agreement") between the parties. *Complaint* pg. 43-47.

Accordingly, the court may consider the settlement agreement because the authenticity of that

document is not in dispute and it is referred to in the Complaint. The Settlement Agreement was

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

signed by the parties on December 20, 2019. *Complaint* pg. 46-47. According to the terms of the

Settlement Agreement:

> The Parties hereby release and forever discharge each other, their agents, employees,
> successors, assigns, shareholders, directors, officers, employees, attorneys, insurers,
> predecessors, successors, assigns, and subsidiaries from all claims, losses, liabilities,
> obligations, suits, debts, liens, contracts, agreements, promises, demands and damages,
> known or unknown, suspected or unsuspected which they had, now have or could have
> had which relate to the Dispute and *all claims related to Tenant's Tenancy*.

(Emphasis added.)

Defendant Community Development Partners was a party to the agreement. *Complaint* pg. 47.

Defendant Guardian Management is Community Development Partners' property management

company, an agent of Community Development Partners. *Amended Complaint* ¶ 8. The other

defendants acted as "owners, agents, management and or representatives of Community

Development Partners." *Amended Complaint* ¶ 4(b). Accordingly, the Settlement Agreement

released all of plaintiff's claims related in any way to the prior dispute or his tenancy until the

time of the agreement against all of the defendants.

      Because any damages from plaintiff's fraud claims necessarily stem from the inducing of

plaintiff's tenancy, an act that relates to his tenancy and occurred prior to the Settlement

Agreement, plaintiff's claims are unambiguously barred by the Settlement Agreement. Plaintiff's

first claim, alleging misrepresentations of the cost of rent, cites his complaint from the prior

dispute that was the subject of the Settlement Agreement as support for his allegation that

defendants misrepresented the cost of rent. *Amended Complaint* ¶ 29 (citing *Complaint* Ex. 2).

Because that allegation is expressly related to the dispute at issue in the Settlement Agreement,

plaintiff's first fraud claim is barred by the Settlement Agreement.

      Plaintiff's second fraud claim, alleging the misrepresentation of library amenities, is also

barred by the Settlement Agreement because it relates to plaintiff's tenancy prior to the

**DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

agreement. Plaintiff alleges that his decision to sign a lease agreement for his unit at Milepost 5 was influenced by representations on the Milepost 5 Website. *Amended Complaint* ¶¶ 16, 30. In fact, plaintiff alleges that the act that caused such representations to be false occurred in "December 2019." *Amended Complaint* ¶ 30. The Settlement Agreement was signed on December 20, 2019. Accordingly, plaintiff's second fraud claim relates to his tenancy prior to the time of the Settlement Agreement, and is barred by that agreement.

Plaintiff's third fraud claim necessarily depends upon the terms of his tenancy prior to the settlement agreement. Plaintiff alleges that "since at least September 2020" defendants have provided misinformation related to the "vetting" of prospective tenants. *Amended Complaint* ¶ 31. But plaintiff fails to plead any facts suggesting that he relied upon that alleged misinformation or explaining how it damaged him in any way. To the extent plaintiff's third fraud claim alleges a cause of action at all, it must be based on plaintiff's reliance on the alleged "vetting process" misrepresentations in inducing him to enter into his tenancy. *See Amended Complaint* ¶ 16. If that is the case, the plaintiff's claim is barred by the Settlement Agreement because it relates to his tenancy prior to the time of the Settlement Agreement. Because plaintiff's first three fraud claims necessarily relate to plaintiff's tenancy prior to the time of the Settlement Agreement, his claims are barred by the Settlement Agreement and should be dismissed.

### 4.    Plaintiff Lacks Standing to Bring Claims 4 through 6.

This court lacks jurisdiction over plaintiff's Third Claim for Relief because plaintiff does not have standing to bring such a claim because he cannot establish that he suffered an injury-in-fact that is traceable to defendants' actions. Accordingly, this court should dismiss plaintiff's claim. Fed. R. Civ. P. 12(b)(1) provides that a court may dismiss a claim for lack of subject-matter jurisdiction. For a federal court to establish jurisdiction over a claim, a plaintiff must have

**DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

standing to bring that claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130 (1992). To have standing, plaintiff must show that he has suffered an "injury in fact," that his injury is "fairly traceable" to the complained of actions, and that his injury will likely be "redressed" by this action. *Gospel Missions of America v. City of Los Angeles*, 328 F.3d 548, 554 (9th Cir. 2003).

Here, plaintiff has not alleged any injury in fact that he has experienced as a result of defendant's alleged misrepresentations in its filings with HUD or the IRS. As a result, plaintiff does not have standing to bring a claim based on those alleged misrepresentations, and this court lacks jurisdiction over the claim.

Plaintiff's fifth allegation of fraud is substantively identical to the fraud claim this court already dismissed for lack of standing to bring such a claim. Plaintiff does not allege any additional facts establishing why he, a private individual, has standing to bring fraud claims on behalf of the federal government.

Plaintiff's sixth allegation of fraud fails for the same reason. Plaintiff's allegations relate to defendants' misuse of federal funds. The only party that would have standing to bring that claim is the federal government. But plaintiff is a private individual, not the federal government, so he lacks standing to bring that claim.

Plaintiff's fourth fraud allegation is brought on behalf of another tenant not named in this action, a "Mr. Shaw." Mr. Shaw may have standing to bring such a claim, but plaintiff does not have standing to bring that claim on his behalf. Plaintiff claims that he has standing to bring this claim as an advocate for the "MP5 Tenants Association/Union." *Amended Complaint* ¶ 35. But plaintiff brings his claims in his individual capacity, the MP5 Tenants Association is not party to his complaint. And, in any event, it is not clear why the Tenants Association would have

/ / /

Page 15    **DEFENDANTS' SECOND FED. R. CIV. P. 12 MOTIONS**

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON  97201
T (503) 222-4422  F (503) 222-4428

standing to bring a claim for injuries individual to Mr. Shaw. Because plaintiff lacks standing to

bring fraud claims 4 through 6, those claims should be dismissed.

## MOTION 5

If this court grants Motion 1, for an order, pursuant to Fed. R. Civ. P. 12(b)(1),

dismissing plaintiff's Second Claim for Relief, alleging state law landlord-tenant claims, because

this court lacks subject matter jurisdiction over those claims.

## LEGAL MEMORANDUM IN SUPPORT OF MOTION 5

If this court grants Motion 1, it should dismiss plaintiff's state law landlord-tenant claims

for lack of subject matter jurisdiction. "A court may decline to exercise supplemental jurisdiction

over state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'"

*Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001). "[I]n the usual case in which all federal-law

claims are eliminated before trial, the balance of factors . . . will point toward declining to

exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Associates, Inc.*,

114 F.3d 999, 1001 (9th Cir. 1977) (*en banc*) (quoting *Carnegie-Mellon Univ. v. Cohill*,

484 U.S. 343, 350 n.7, 108 S. Ct. 614 (1988)).

## MOTION 6

For an order, pursuant to Fed. R. Civ. P. 12(f), to strike paragraph 28 of plaintiff's

complaint.

## LEGAL MEMORANDUM IN SUPPORT OF MOTION 6

Pursuant to Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading any . . .

immaterial, impertinent, or scandalous matter." The function of a motion to strike is to avoid the

expenditure of time and money that must arise from litigating spurious issues by dispensing with

those issues prior to trial. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir.

2010). Immaterial matter is that which has no essential or important relationship to the claim for

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

relief pled. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). Impertinent matter

consists of statements that do not pertain, and are not necessary, to the issues in question. *Id.*

Paragraph 28 of plaintiff's complaint merely rehashes the FHAA discrimination claim

plaintiff alleged in his prior complaint. *Amended Complaint* ¶ 28. But that claim was dismissed

with prejudice. As a result, plaintiff's FHAA discrimination allegations are impertinent to any of

the issues in question in this matter and should be stricken from the complaint.

### MOTION 7

For an order, pursuant to Fed. R. Civ. P. 12(f), to strike Exhibits 1 through 13 of

plaintiff's Amended Complaint.

### LEGAL MEMORANDUM IN SUPPORT OF MOTION 7

Plaintiff attaches thirteen exhibits to his Amended Complaint; all of his exhibits are

improper in a complaint. In addition, plaintiff's exhibits are impertinent and immaterial. In

general, a complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court properly grants a motion to strike an

exhibit where the exhibit is not material to the complaint. *Heng v. Heavner, Beyers & Mihlar,*

*LLC*, 849 F.3d 348, 354 (7th Cir. 2017). A letter sent by a non-party is an example of such an

immaterial exhibit. *Id.* An exhibit is also immaterial where it is not consistent with the

complaint. *Id.*

Exhibits 5, 6, 8, 9, 10, and 13 all consist of letters sent by non-parties. Accordingly,

under *Heng* those exhibits are all immaterial and a motion to strike is appropriate. Exhibit 1

consists of three newspaper articles. Those articles do not contain "a short and plain statement of

the claim showing that the pleader is entitled to relief." Nor do the articles relate to plaintiff's

claims for relief. Accordingly, Exhibit 1 is immaterial and impertinent and should be stricken.

Exhibits 2, 3, and 4 are pictures of unknown origin. These pictures do not contain a short and

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

L:\3500.0041-Stanley\PLD\Motions to Dismiss Amended Complaint.docx

plain statement of a claim. The pictures are also not authenticated, and no context is provided to demonstrate when the pictures were taken, what the pictures are intended to demonstrate, or that the pictures are what they claim to be. Accordingly, Exhibits 2, 3, and 4 should be stricken.

Exhibit 7 is the Declaration of Kelly Paine submitted in support of defendants' opposition to plaintiff's motion for an issuance of a preliminary injunction. The declaration is unrelated to plaintiff's claims. In addition, the declaration contradicts plaintiff's claim that defendants are not in compliance with the Clean Air Act. Exhibit 7 should be stricken.

Exhibit 11 appears to include screenshots of the Milepost 5 website and an incomplete copy of some of Milepost 5's policies. This exhibit does not contain a short and concise statement of any claim and is unrelated to plaintiff's claims for relief. In addition, no part of the exhibit is authenticated. Exhibit 11 should be stricken.

Exhibit 12 appears to be a flyer for a six class series of workshops hosted by plaintiff. Plaintiff's workshops are unrelated to any of plaintiff's claims for relief. Exhibit 12 should be stricken.

## MOTION 8

For an order, pursuant to Fed. R. Civ. P. 12(f), to strike the following language from paragraph 26 of plaintiff's Amended Complaint:

> A final matter as to lease agreement, Plaintiff alleges a term or provision requiring "volunteer hours of 30 hours of service each year" is unconstitutional as being a term and condition residency and must be stricken from said lease agreement [See orioginal [*sic*] 'Complaint' (doc. 2), para. 12, at pg. 14- Exhibit 4, and previous Amended Complaint (doc. 14), para. 12, at pg. 16]. This term and condition has not been applied to other tenants.

## LEGAL MEMORANDUM IN SUPPORT OF MOTION 8

Generally, the United States Constitution does not apply to the actions of private entities.

*See e.g., Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 619, 111 S. Ct. 2077 (1991).

Page 18  **DEFENDANTS' SECOND FED. R. CIV. P. 12 MOTIONS**

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

This court has already found that defendants were not state actors and are not subject to Constitutional prohibitions. As a result, plaintiff's claim that a provision of his lease agreement was unconstitutional is immaterial and frivolous. That language should be stricken from the complaint.

DATED this 12th day of May, 2021.

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.


___s/ Sean D. McKean_____
Christopher J. Drotzmann, OSB No. 962636
Email: cdrotzmann@davisrothwell.com
Sean D. McKean, OSB No. 204142
Email: smckean@davisrothwell.com
Of Attorneys for Defendants

L:\3500.0041-Stanley\PLD\Motions to Dismiss Amended Complaint.docx

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANTS' SECOND FED. R.**

**CIV. P. 12 MOTIONS** on the following:

Mr. Steven L. Stanley
850 NE 81st Avenue, No. 216
Portland, OR 97213
Telephone:  503/957-4226
     Pro Se


by mailing to the foregoing a true copy thereof, placed in a sealed envelope, with postage

prepaid, addressed as listed above, and depositing the same in the United States mail through a

post office at Portland, Oregon, on this day.

DATED this 12th day of May, 2021.

DAVIS ROTHWELL
EARLE & XÓCHIHUA, P.C.


    s/ Sean D. McKean
Christopher J. Drotzmann, OSB No. 962636
E-mail: cdrotzmann@davisrothwell.com
Sean D. McKean, OSB No. 204142
Email: smckean@davisrothwell.com
Of Attorneys for Defendants

Page 1    **CERTIFICATE OF SERVICE**

**DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON  97201
**T (503) 222-4422  F (503) 222-4428**

L:\3500.0041-Stanley\PLD\Motions to Dismiss Amended Complaint.docx