Carter M. Mann, OSB No. 960899
mannc@lanepowell.com
Courtney B. McFate, OSB No. 202025
mcfatec@lanepowell.com
**LANE POWELL PC**
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Telephone:  503.778.2100
Facsimile:  503.778.2200

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| STEVEN L. STANLEY,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COMMUNITY DEVELOPMENT PARTNERS (CDP) - ERIK PAINE; KYLE PAINE; BRADFORD LONG; GUARDIAN MANAGEMENT, LLC,<br><br>　　　　　　　　　　　Defendant. | Case No. 3:21-CV-193-MO<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' SECOND FED. R. CIV. P. 12 MOTIONS**<br><br>*[Filed Concurrently with DECLARATION OF COURTNEY B. McFATE IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' SECOND FED. R. CIV. P. 12 MOTIONS]*<br><br>REQUEST FOR ORAL ARGUMENT |

Plaintiff STEVEN L. STANLEY ("Plaintiff") respectfully submits the following Response in Opposition to Defendants COMMUNITY DEVELOPMENT PARTNERS (CDP) – ERIK PAINE; KYLE PAINE, BRADFORD LONG; GUARDIAN MANAGEMENT, LLC's (collectively, "Defendants") Second Fed. R. Civ. P. 12 Motions.

**COMPLIANCE WITH LOCAL RULE 7-2**

This response complies with the word limit and page limit set forth in Local Rule 7-2.

PAGE 1 –　PLAINTIFF'S OPPOSITION TO DEFENDANTS' SECOND
　　　　　　FED. R. CIV. P. 12 MOTIONS

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

719694.0001/8544257.1

# I. STATEMENT OF FACTS

Plaintiff filed his Amended Complaint ("Complaint") on April 27, 2021. (Affidavit of Courtney B. McFate in Support of Plaintiff's Opposition to Defendants' Second Fed. R. Civ. P. 12 Motions ("McFate Decl."), at ¶ 2.)  This handwritten Complaint was prepared without the assistance of counsel. (McFate Decl., at ¶ 3.)  On May 12, 2021, defendants filed their Second Fed. R. Civ. P. 12 Motions ("Motion"), including motions to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), and motions to strike under Rule 12(f). (McFate Decl., at ¶ 4.)  On May 13, 2021, Lane Powell PC filed its notice of appearance on behalf of plaintiff. (McFate Decl., at ¶ 5.)

# II. LEGAL STANDARD

## A.  STANDARD FOR MOTION TO DISMISS UNDER RULE 12(b)(6).

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted."  In ruling on a motion to dismiss, courts must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).  A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims that would entitle the plaintiff to relief.  *Lewis v. Telephone Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996).  On a motion to dismiss for failure to state claim, the question is not whether the plaintiff will ultimately prevail, but whether his complaint is sufficient to cross the Court's threshold.  *Skinner v. Switzer*, 562 U.S. 521, 529-530 (2011).  Ordinarily, a motion to dismiss should be disfavored, and doubts should be resolved in favor of the pleader.  *Williams v. Gorton*, 529 F.2d 668, 672 (9th Cir. 1976).

When the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), "review is limited to the complaint." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  "Indeed, factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)". *Id.*

PAGE 2 – PLAINTIFF'S OPPOSITION TO DEFENDANTS' SECOND
FED. R. CIV. P. 12 MOTIONS

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

719694.0001/8544257.1

B.  **STANDARD FOR MOTION TO STRIKE UNDER RULE 12(f).**

Before responding to a pleading, a party may move to strike any "redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). The disposition of a motion to strike is within the discretion of the district court. *See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990). Motions to strike are "regarded with disfavor because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice." *Freedman v. Louisiana-Pac. Corp.*, 922 F.Supp 377, 392–93 (D. Or. 1996). When ruling on a motion to strike, the court must accept the nonmoving party's allegations as true and liberally construe the complaint in the light most favorable to the nonmoving party. *Gunderson LLC v. BCG Properties Grp., Inc.,* 3:19-CV-01569-AC, 2020 WL 1529356, at *4 (D. Or. Mar 30, 2020).

### III.  ARGUMENT

A.  **AS PLAINTIFF WAS PRO SE AT THE TIME HIS AMENDED COMPLAINT WAS PREPARED, HIS CLAIMS SHOULD BE HELD TO LESS STRINGENT STANDARDS AND MUST BE LIBERALLY CONSTRUED.**

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Radcliff v. Landau*, 883 F.2d 1481, 1482 (1989). Therefore, pleadings of a *pro se* litigant must be liberally construed on a defendant's motion to dismiss for failure to state a claim. *Ortez v. Washington County*, 88 F.3d 804, 807 (9th Cir. 1996). Plaintiff is not an attorney and drafted his handwritten Amended Complaint ("Complaint") without benefit of legal counsel. Accordingly, his pleadings should be held to a less stringent standard than they would be if they been drafted by counsel. Moreover, plaintiff's claims must be liberally construed when considering defendants' Motion.

PAGE 3 – PLAINTIFF'S OPPOSITION TO DEFENDANTS' SECOND
FED. R. CIV. P. 12 MOTIONS

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

719694.0001/8544257.1

**B.  DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST CLAIM, ALLEGING DISCRIMINATION UNDER THE ADA, SHOULD BE DENIED BECAUSE THE COMPLAINT STATES FACTS ENTITLING PLAINTIFF TO RELIEF UNDER THE ADA AND FHAA.**

**1.  Plaintiff Has Pled Sufficient Factual Allegations to Support His Claim that He Qualifies as "Disabled" Under the ADA and "Handicapped" Under the FHAA.**

Plaintiff has pled factual allegations sufficient to support claims for discrimination under Title III of the ADA and the Fair Housing Amendments Act ("FHAA").  To prevail on a Title III ADA discrimination claim, the plaintiff must show that (1) he is disabled as that term is defined by the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability.  *Fortyune v. Am. Multi-Cinema, Inc.,* 364 F.3d 1075, 1082 (9th Cir. 2004).

To prevail on a discrimination claim under section 3604(f)(3)(B) of the FHAA, plaintiff must prove: (1) that he is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the handicap; (3) that accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendant refused to make the requested accommodation.  *Howard v. HMK Holdings, LLC*, 988 F.3d 1185, 1189–90 (9th Cir. 2021).

Defendants argue that plaintiff has not sufficiently pled a qualifying disability under the ADA. (Defendants' Motion ("Motion"), at p. 8.)  This is incorrect.  In fact, Plaintiff has provided factual allegations and supporting documentation of several medical conditions that would qualify as a "disability" under the ADA and a "handicap" under the FHAA.

"[T]o be disabled for purposes of the ADA, a person must have an impairment, that impairment must limit a major life activity, and the limitation on the major life activity must be substantial."  *E.E.O.C. v. United Parcel Serv., Inc.,* 306 F.3d 794, 801 (9th Cir. 2002), *citing* 42

PAGE 4 –  PLAINTIFF'S OPPOSITION TO DEFENDANTS' SECOND
FED. R. CIV. P. 12 MOTIONS

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

719694.0001/8544257.1

U.S.C. § 12102(2). The FHAA defines "handicap" as "a physical or mental impairment which substantially limits one or more of such person's major life activities." 42 U.S.C. § 3602(h)(1). FHAA regulations further define "major life activities" to include "functions such as caring for one's self, performing manual tasks, **walking**, seeing, hearing, speaking, **breathing,** learning, and working." 24 C.F.R. § 100.201(b) [emphasis added]. Infection with HIV, the virus that causes AIDS, qualifies as a "physical or mental impairment" for the purposes of the FHAA. *Giebeler v. M & B Associates*, 343 F.3d 1143, 1147 (9th Cir. 2003).

Defendants state that "[t]he only condition for which plaintiff provides any explanation of the impairment that affects his major life activities is plaintiff's asthma." (Motion, at p. 10.) In fact, plaintiff states in his Complaint that he has not only asthma, but also states that he "cannot traverse stairs and must use a walker to prevent falls," has "varied respiratory issues," and "medical issues involving both hips." (Complaint, at ¶ 9.) He also states he suffers from nosebleeds, shortness of breath, environmental allergies, is on several medications, and is HIV positive. (Complaint, at ¶¶ 10, 17-18, 20.)

In addition to these statements in the body of his Complaint, plaintiff attached a letter dated April 22, 2021 from his medical provider as an exhibit. The letter states the following:

> Steven Stanley has been followed at this clinic since 2019 for severe persistent asthma complicated by HIV, diabetes, chronic and difficult to treat sinusitis, and cirrhosis. Triggers for his asthma can be viral infections, exercise, allergens, cold air, laughter, and other non-allergic irritants.
>
> Steven's asthma is susceptible to all of the above. Despite full therapy for his asthma he continues to have multiple exacerbations yearly requiring ED visits, prednisone, and recurrent antibiotics.
>
> **His asthma limits his ability to perform activities of daily living and work secondary to his cough and his shortness of breath and his need to avoid exposures.**

(Exhibit 6 to Complaint [emphasis added].)

Plaintiff's conditions substantially limit his ability to engage in the major life activities of walking and breathing, among other activities. Plaintiff has gone above and beyond the

PAGE 5 – PLAINTIFF'S OPPOSITION TO DEFENDANTS' SECOND
FED. R. CIV. P. 12 MOTIONS

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

719694.0001/8544257.1

requirement to sufficiently plead that he is disabled under the ADA and handicapped under the FHAA, and defendants' Motion should be denied on this ground.

2. **Plaintiff Has Pled Sufficient Factual Allegations to Support His Claim That He Requested Reasonable Accommodations from Defendants for His Disabilities.**

Defendants allege that "plaintiff does not plead that he actually made any of the requests for accommodation. Accordingly, plaintiff's claim fails because defendants could not have refused an accommodation that was never requested." (Motion, at p. 3.) In fact, plaintiff states several times in his Complaint that he requested reasonable accommodations from defendants, namely: (1) enforcing the no smoking policy as to other tenants' smoking tobacco, crack cocaine, and methamphetamine and as to other tenants' cooking methamphetamine, on the premises, so that his asthma, environmental allergies, shortness of breath, and chronic sinusitis would not be triggered; or (2) in the alternative, designating separate smoking and non-smoking units and common areas in the building; and (3) clearing the hallway of trash, furniture, debris, and human feces so that he could navigate the building safely with his walker. (Complaint, at ¶¶ 9-10, 12, 19-20.) Specifically, he states that he has made "countless complaints" and served a Notice of Intent on defendants three weeks before filing suit regarding his complaints and requests for accommodation. (Complaint, at ¶ 3.) He also states that defendants Jacqueline King and Brad Coupchiak, the resident managers of Milepost 5 and Guardian employees, have been made fully aware of these facts. (Complaint, at ¶ 19.)

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *Johnson v. Federal Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007 (2015). However, one exception to this is that a court may consider extrinsic evidence not attached to the complaint if the document's authenticity is not contested and the plaintiff's complaint necessarily relies on it. *Id.*

Here, plaintiff has provided exhibits to the document titled Plaintiff's Answer to Defendants' Crossclaim-Counterclaim to Plaintiff's Motion for Preliminary Injunction ("Answer") illustrating that he informed *defendants' counsel*, William Edgar, of his medical

PAGE 6 – PLAINTIFF'S OPPOSITION TO DEFENDANTS' SECOND
FED. R. CIV. P. 12 MOTIONS

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

719694.0001/8544257.1

conditions and requested reasonable accommodations several times from defendants[1]. (See Exhibits to Answer: 1-D, at pp. 3-4, 6, 1-I, at pp. 3-4.) These letters from December 20, 2020 and January 25, 2021 describe plaintiff's concerns about the smoking occurring at the building, his medical conditions, the effects on those conditions caused by the smoking, and his request for reasonable accommodations. Defendants have not challenged the authenticity of these documents and plaintiff necessarily relies on these letters in his Complaint. Plaintiff respectfully requests the Court consider these documents when ruling on defendants' Motion.

If the Court is inclined to agree with the defendants' argument that plaintiff never requested reasonable accommodations, plaintiff respectfully requests that he be granted leave to amend his Complaint so that he may provide additional facts and evidence in support of his claims under the ADA and FHAA to show that he made multiple requests for accommodations that went ignored by defendants.

**3.      Plaintiff Has Pled Sufficient Factual Allegations to Support His Claim that His Requested Accommodations are Reasonable.**

Defendants claim that the accommodations requested by plaintiff are not "reasonable" because they are administratively burdensome and infringe on the rights of other tenants. (Motion, at 5-8.) This argument fails because (1) plaintiff is only requesting accommodations that uphold defendants' existing responsibilities to plaintiff under his lease agreement; (2) any financial or administrative burden associated with the accommodations would be minimal; and (3) the accommodations would not lead to any infringement upon other tenants' alleged rights.

Title III of the ADA requires an entity operating "public accommodations" to make "reasonable modifications" in its policies "when ... necessary to afford such ... accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such ... accommodations" or would result in an "undue burden". *PGA Tour, Inc. v. Martin*, 532 US 661, 661 (2001), citing 42 U.S.C. § 12182(b)(2)(A)(ii).

---

[1] Plaintiff also refers to these letters in the body of his Amended Complaint, at ¶ 27 and p. 30.

PAGE 7 – PLAINTIFF'S OPPOSITION TO DEFENDANTS' SECOND
         FED. R. CIV. P. 12 MOTIONS

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

719694.0001/8544257.1

Although neither the ADA nor the courts have defined the precise contours of the test for reasonableness, "it is clear that the determination of whether a particular modification is 'reasonable' involves a fact-specific, case-by-case inquiry that considers, among other factors, the effectiveness of the modification in light of the nature of the disability in question and the cost to the organization that would implement it." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1083 (9th Cir. 2004). Similarly, the test for "reasonable accommodation" under the FHAA is "highly fact-specific, requiring case-by-case determination." *Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006).

Again, plaintiff is requesting that defendants enforce the no smoking policy, a policy already contained in the lease agreements for Milepost 5, or alternatively, that defendants provide designated smoking and non-smoking units and common areas. The financial or administrative burden associated with these accommodations, which would perhaps include more onsite management and security, diligent responses to tenant complaints regarding smoking and illegal drug production, and actual follow-through with respect to taking action against tenants who violate this policy, are minimal and are either explicitly or implicitly required by the lease.

Plaintiff's request that other tenants not be allowed to cook methamphetamine or other illegal drugs on the premises is eminently reasonable, as this illegal activity violates the lease agreements and any associated costs in enforcing this rule would be minimal (and could arguably be passed along to the Portland Police Bureau). Finally, Plaintiff's request that defendants adequately clear the hallway of trash, furniture, debris, and human feces so that he can navigate the building safely with his walker is also reasonable. Again, this accommodation is already required by the terms of the buildings' lease agreements, and although it may require additional onsite staffing by defendants, it is not so unduly burdensome financially or administratively as to make it an unreasonable request. Finally, none of these requested accommodations would infringe on any purported "rights" of other tenants, as smoking, cooking illegal drugs, and littering are not legally protected activities.

PAGE 8 –   PLAINTIFF'S OPPOSITION TO DEFENDANTS' SECOND
            FED. R. CIV. P. 12 MOTIONS

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

719694.0001/8544257.1

For these reasons, defendants' Motion should be denied as to plaintiff's first cause of action.

C.  **IF THIS COURT DISMISSES PLAINTIFF'S CLAIMS UNDER THE ADA AND FHAA, PLAINTIFF REQUESTS THAT THE COURT EXERCISE ITS DISCRETION TO RETAIN SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS.**

Defendants ask the Court to decline to exercise supplemental jurisdiction over plaintiff's state law claims if the Court grants defendants' Motion to Dismiss plaintiff's ADA and FHAA claims. This Court currently has supplemental jurisdiction under 28 USC § 1367(a) over Plaintiff's state law claims. A district court's decision whether to exercise supplemental jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary. *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). A district court's discretion to decline to exercise supplemental jurisdiction over state law claims is informed by values of economy, convenience, fairness, and comity. *Acri v. Varian Associates, Inc.,* 114 F.3d 999, 1001 (1997). "That state law claims 'should' be dismissed if federal claims are dismissed before trial, as *[United Mine Workers v.] Gibbs* instructs, 383 U.S. at 726, 86 S.Ct. at 1139, 16 L.Ed.2d at 228, has never meant that they *must* be dismissed." *Id.* (emphasis in original.)

Contrary to defendants' arguments, the Court is not required to dismiss plaintiff's state law claims if his federal claims are dismissed before trial. Dismissing his state law claims would lead to further delay in litigating plaintiff's claims and would not result in economy or convenience. Given the seriousness of plaintiff's claims, plaintiff's poor health, and the precariousness of his current living situation, delaying these proceedings by dismissing his state law claims would not serve the value of fairness. Should the Court dismiss plaintiff's foundational federal claims under the ADA and FHA, plaintiff respectfully requests that the Court retain supplemental jurisdiction over his state law claims.

PAGE 9 – PLAINTIFF'S OPPOSITION TO DEFENDANTS' SECOND FED. R. CIV. P. 12 MOTIONS

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

719694.0001/8544257.1

D.  **PLAINTIFF'S FRAUD CLAIM SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM OR LACK OF STANDING.**

1.  **The Settlement Agreement Only Released Plaintiff's Claims as to Community Development Partners; It Did Not Release Plaintiff's Claims *Against the Remaining Defendants* or His Claims Against Any Defendant *After* December 20, 2019.**

Defendants argue that plaintiff's fraud claim, as it pertains to defendants' misrepresentations to him regarding rent, library amenities, and the vetting process for prospective tenants, fails to state a claim for which relief can be granted. (Motion, at p. 12.)  According to defendants, this is because this claim necessarily relates to plaintiff's decision to enter into his lease agreement, and plaintiff has already released all claims related to his tenancy through a settlement agreement. (Motion, at p. 12.)  Before a release of future claims is valid, and in the absence of a specific promise to release liability for unanticipated claims, "there must be both the knowledge of the existence of the claim and an intention to relinquish it."  *Patterson v. Am. Med. Sys., Inc.*, 141 Or. App. 50, 53 (1996).  "It is axiomatic that a release cannot be construed to include claims not within the contemplation of the parties."  *Teegarden v. State ex rel. Oregon Youth Auth.*, 270 Or. App. 373, 383 (2015).

Plaintiff does not dispute that he entered into a Confidential Mutual Release and Settlement Agreement ("Settlement Agreement") with Defendant CDP and the prior management company for Milepost 5, Viridian Management ("Viridian") on December 20, 2019.  However, plaintiff notes that the parties to the Settlement Agreement were plaintiff, Defendant CDP, and Viridian (who is not a defendant).  None of the other defendants in this action – including Guardian – were parties to the Settlement Agreement.  Therefore, to the extent that any of plaintiff's claims were released by the Settlement Agreement, they were released *as to CDP only*.  Therefore, plaintiff's fraud claim as to the remaining defendants should not be dismissed.

Also, plaintiff did not release all future claims related to his tenancy.  There is no provision in the Settlement Agreement stating that plaintiff intended to release liability for unanticipated future claims.  He only released those claims that were expressly released in the Settlement

PAGE 10 – PLAINTIFF'S OPPOSITION TO DEFENDANTS' SECOND FED. R. CIV. P. 12 MOTIONS

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

719694.0001/8544257.1

Agreement, at the time of the agreement.  The Settlement Agreement was entered into on December 20, 2019 and as such, none of plaintiff's claims arising from events occurring *after* December 20, 2019 were released.  Plaintiff concedes that paragraph 29 of his Complaint refers to events that took place prior to December 20, 2019, and therefore agrees to strike this paragraph *as to CDP only*, but not as to the other defendants.  The remaining events plaintiff cites in support of his fraud claim take place beginning in September 2020 through the present, and therefore, were not released by the Settlement Agreement. As such, Plaintiff's fraud claim should not be dismissed.

      **2.**      **Plaintiff Agrees to Strike Portions of His Fraud Claim for Which He Lacks Standing.**

Defendants further allege that plaintiff lacks standing to bring his fraud claims regarding the following:

     1.     Defendants fraudulently received rent assistance payments on behalf of other third-party tenants, misrepresented information regarding those third-party tenants to the federal government, and forged those third-party tenant's lease agreements.

     2.     Defendants misrepresented information in their application to HUD and the IRS to obtain "tax credit low income certification."

     3.     Defendants misused federal funds earmarked for Milepost 5 for renovations of other properties.

(Motion, at p. 11.)

Plaintiff concedes that as a private individual, he lacks standing to pursue these specific claims against defendants.  Plaintiff agrees to strike the portions of his fraud claims that refer to these claims, specifically, paragraphs 32 through 34 of his Complaint.

**E.**    **DEFENDANTS' MOTION TO STRIKE PARAGRAPH 28 OF PLAINTIFF'S COMPLAINT SHOULD BE DENIED BECAUSE DEFENDANTS SHOULD NOT BE PERMITTED TO USE A RULE 12(f) MOTION TO PROCURE THE DISMISSAL OF ALL OR PART OF PLAINTIFF'S COMPLAINT.**

Defendants claim that paragraph 28 of the Complaint should be stricken because it "merely rehashes the FHAA discrimination claim plaintiff alleged in his prior complaint," which was

PAGE 11 – PLAINTIFF'S OPPOSITION TO DEFENDANTS' SECOND
FED. R. CIV. P. 12 MOTIONS

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

719694.0001/8544257.1

dismissed. (Motion, at pp. 16-17.) "Rule 12(f) is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (2010). Reading Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading would "create redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a motion for summary judgment at a later stage in the proceedings) already serves such a purpose." *Id.*

Here, defendants are attempting to obtain dismissal of a portion of plaintiff's Complaint that supports his claims under the ADA and FHAA, on the grounds that the Court already dismissed his prior, different FHAA claims. However, this dismissal is improperly brought as a motion to strike and should not be permitted.

Moreover, plaintiff provides additional factual information and legal grounds to support his ADA and FHAA claims in his Amended Complaint, key information that was missing from his original Complaint. In his original Complaint, plaintiff alleged that defendants violated the FHAA on the grounds that defendants breached their duty to prohibit known harassment on protected grounds, which was retaliation for his grievances against other tenants, and that Guardian employees aided and encouraged this retaliation. (Plaintiff's Complaint, at ¶ 10 and p. 12.)

In paragraph 28 of plaintiff's Amended Complaint, plaintiff refers to some of the same events he referred to in his original Complaint. However, he also adds additional factual information and legal claims not made in his original Complaint. Specifically, plaintiff states that defendants substantially interfered with and deprived him from using their leased premises due to the harassment from other tenants and the uninhabitable conditions at the property. (Plaintiff's Amended Complaint, at ¶ 28 and pp. 30-32.) He also states that defendants refused to make reasonable accommodations to abate other tenants' misconduct, in violation of the ADA and FHAA. (*Id.*) For the foregoing reasons, defendants' motion to strike should be denied.

PAGE 12 –PLAINTIFF'S OPPOSITION TO DEFENDANTS' SECOND
FED. R. CIV. P. 12 MOTIONS

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

719694.0001/8544257.1

**F.  PLAINTIFF AGREES TO STRIKE A PORTION OF PARAGRAPH 26 OF HIS COMPLAINT.**

Plaintiff concedes that the United States Constitution does not generally apply to the actions of private entities. As such, he agrees to strike the following portion of paragraph 26 of his Complaint:

> A final matter as to lease agreement, Plaintiff alleges a term or provision requiring "volunteer hours of 30 hours of service each year" is unconstitutional as being a term and condition residency and must be stricken from said lease agreement [See origional 'Complaint' (doc. 2), para. 12, at pg. 14- Exhibit 4, and previous 'Amended Complaint (doc. 14), para. 12, at pg. 16]. This term and condition has not been applied to other tenants.

**G.  DEFENDANTS' MOTION TO STRIKE EXHIBITS 1 THROUGH 6, 8 THROUGH 11, AND 13 TO PLAINTIFF'S COMPLAINT SHOULD BE DENIED BECAUSE THESE EXHIBITS ARE MATERIAL TO PLAINTIFF'S CLAIMS.**

Defendants move to strike all of plaintiff's exhibits to the Amended Complaint based on the grounds that they are "improper in a complaint." (Motion, at p. 17.) Relying on dicta in a case from the Seventh Circuit, *Heng v. Heavner, Beyers & Mihlar*, 849 F.3d 348, 354 (2017), Defendants state that "[a] court properly grants a motion to strike an exhibit where the exhibit is not material to the complaint," that "a letter sent by a non-party is an example of such an immaterial exhibit," and an exhibit is immaterial when it is not consistent with the complaint. (Motion, at p. 17.)

"Motions to strike are disfavored and should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Does v. Trump*, 328 F. Supp. 3d 1185, 1196 (W.D. Wash. 2018). For purposes of a motion to strike under Rule 12(f) on the grounds of materiality, "[i]mmaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Pratt v. Phoenix Home Life Mut. Ins. Co.*, 285 B.R. 3, 6 (D. Or. 2001). One test for determining "whether an allegation in a pleading is immaterial and impertinent within the meaning of Rule 12(f) is whether proof concerning it could be received at trial; if it could not, then the matter is immaterial and impertinent." *Id.*

PAGE 13 –PLAINTIFF'S OPPOSITION TO DEFENDANTS' SECOND FED. R. CIV. P. 12 MOTIONS

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

719694.0001/8544257.1

Exhibit 1 to plaintiff's Amended Complaint contains articles regarding tenants' complaints with rent and living conditions at Milepost 5 and CDP's responses to those complaints. Exhibit 2 consists of photographs taken by plaintiff of portions of the Milepost 5 property. Exhibits 3 and 4 consist of photographs taken by plaintiff of conditions at the Milepost 5 property, illustrating blocked hallways and ingress and egress areas. Exhibit 5 consists of a letter from APANO Communities United Fund regarding plaintiff's workshops and volunteering at Milepost 5, as well as a brochure on an art installation at Milepost 5. Exhibit 11 is a brochure for Milepost 5, printouts from the website for Milepost 5, and the Milepost 5 Tenant Selection Plan prepared by defendant Guardian Management LLC. All of plaintiff's claims in this matter relate to his tenancy at Milepost 5. As such, Exhibits 1 through 5 and 11 have essential and important relationships to plaintiff's claims and should not be stricken.

Exhibit 6 is the April 22, 2021 letter from plaintiff's medical provider and progress notes regarding his current medical conditions, which has an essential relationship to his discrimination claims under the ADA and FHAA and should not be stricken.

Exhibits 8 and 9 are letters from neighbors and former residents of Milepost 5 regarding the conditions at Milepost 5. Exhibit 10 is an email from Beth Tryck of Transition Projects dated March 28, 2019 regarding housing available at Milepost 5. A search of existing case law in this circuit provides no authority holding that letters from non-parties are "immaterial" and should be stricken under Rule 12(f). As such, these exhibits should not be stricken.

Exhibit 13 is a collection of letters of reference written on plaintiff's behalf. Plaintiff's background and history has an essential and important relationship to his credibility and prior tenancy and should not be stricken.

Plaintiff agrees to strike Exhibit 7 from the Complaint as redundant, as it is a declaration already filed in this matter.

Plaintiff agrees to strike Exhibit 12 from the Complaint as immaterial, as it relates to his workshops on plant medicine, and is not relevant to his claims against defendants.

PAGE 14 – PLAINTIFF'S OPPOSITION TO DEFENDANTS' SECOND FED. R. CIV. P. 12 MOTIONS

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

719694.0001/8544257.1

**H.  IF THIS COURT IS INCLINED TO GRANT DEFENDANTS' MOTIONS, IT SHOULD DO SO WITHOUT PREJUDICE AND SHOULD GRANT PLAINTIFF LEAVE TO AMEND HIS COMPLAINT.**

As a general rule, a district court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). As stated, plaintiff drafted his handwritten Amended Complaint himself, without legal counsel, and he should be provided with significant leeway with respect to amending his complaint. Now that plaintiff has counsel, permitting plaintiff to amend his complaint will allow counsel to assist plaintiff in further clarifying his claims, streamlining the litigation and avoiding the unnecessary expenditure of time and money. For these reasons, plaintiff respectfully requests that if the Court is inclined to grant defendants' Motion, it grant the Motion without prejudice and grant plaintiff leave to amend his complaint.

## IV.  CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court deny Defendants' Second Fed. R. Civ. P. 12 Motions and order them to answer Plaintiff's complaint within ten days from the date of this hearing, or in the alternative, grant Plaintiff leave to file a Second Amended Complaint.

DATED:  July 1, 2021

LANE POWELL PC

By:  *s/ Courtney B. McFate*
Carter M. Mann, OSB No. 960899
Courtney B. McFate, OSB No. 202025
Telephone:  503.778.2100
Attorneys for Plaintiff

PAGE 15 – PLAINTIFF'S OPPOSITION TO DEFENDANTS' SECOND FED. R. CIV. P. 12 MOTIONS

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

719694.0001/8544257.1