**Christopher J. Drotzmann, OSB No. 962636**
Email: cdrotzmann@davisrothwell.com
**Sean D. McKean, OSB No. 204142**
Email: smckean@davisrothwell.com
**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 S.W. Market Street, Suite 1800
Portland, Oregon 97201
Tel:  (503) 222-4422
Fax:  (503) 222-4428

Of Attorneys for Defendants Community
Development Partners and Guardian Management, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON - PORTLAND DIVISION

| | |
|---|---|
| STEVEN L. STANLEY,<br><br>                        Plaintiff,<br><br>        v.<br><br>COMMUNITY DEVELOPMENT PARTNERS (CDP) – ERIK PAINE; KYLE PAINE, BRADFORD LONG; GUARDIAN MANAGEMENT, LLC; VERIDIAN MANAGEMENT, INC.,<br><br>                        Defendants. | Case No. 3:21-cv-193-MO<br><br>**DEFENDANTS COMMUNITY DEVELOPMENT PARTNERS AND GUARDIAN MANAGEMENT, LLC'S MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**Request for Oral Argument** |

**COMPLIANCE WITH LOCAL RULE 7-1**

Counsel for the moving parties discussed the substance of this motion via teleconference on August 25, 2021, in a good faith effort to resolve this dispute.

/ / /

Page 1   **DEFENDANTS COMMUNITY DEVELOPMENT PARTNERS AND GUARDIAN MANAGEMENT, LLC'S MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**
L:\3500.0041-Stanley\PLD\Motions to Dismiss Second Amended Complaint.docx

**DAVIS ROTHWELL**
**EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

**COMPLIANCE WITH LOCAL RULE 7-2**

These motions comply with the word limit and page limit set forth in Local Rule 7-2.

**MOTION ONE**

For an order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing plaintiff's Sixth Claim for Relief alleging Intentional Infliction of Emotional Distress, because it fails to state a claim from which relief can be granted.

**LEGAL MEMORANDUM IN SUPPORT OF MOTION ONE**

**A.     Legal Standard for Motion to Dismiss.**

To survive a motion to dismiss, a complaint needs to contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the require elements of a cause of action exist. *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Nor will mere labels and legal conclusions. *Id.* The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Such "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 555.

**B.     Plaintiff's IIED Claim Fails Because a Failure to Act Cannot Constitute IIED.**

A claim for Intentional Infliction of Emotional Distress ("IIED") requires the plaintiff to plead and prove: "(1) that defendants intended to cause plaintiff severe emotional distress or knew with substantial certainty that their conduct would cause such distress; (2) that defendants engaged in outrageous conduct, i.e., conduct extraordinarily beyond the bounds of socially tolerable behavior; and (3) that defendants' conduct in fact caused plaintiff severe emotional distress." *House v. Hicks*, 218 Or App 348, 358 (2008). Because plaintiff's IIED claim does not

/ / /

Page 2   **DEFENDANTS COMMUNITY DEVELOPMENT PARTNERS AND GUARDIAN MANAGEMENT, LLC'S MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**
L:\3500.0041-Stanley\PLD\Motions to Dismiss Second Amended Complaint.docx

**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 SW Market St, Suite 1800
Portland, Oregon 97201
T (503) 222-4422  F (503) 222-4428

stem from any "conduct" that defendants "engaged in," plaintiff's IIED claim fails to state a claim from which relief can be granted.

IIED liability is premised upon an affirmative act. A defendant cannot be liable for IIED based upon a failure to act. The second element of the tort requires "that defendants engaged in outrageous conduct." That element requires a plaintiff to prove that there is some "conduct" that a defendant "engaged in." A failure to act, however, does not constitute engaging in conduct. There does not appear to be any Oregon case on point. However, cases from other jurisdictions are in accord and hold that a defendant cannot be liable for IIED for failing to act where no affirmative action is alleged. *See, e.g., Riley v. Whybrew*, 185 S.W.3d 393, 399 (Tenn. Crt. App. 2005) (Landlord's failure to stop other tenant's illegal activities not IIED because failure to act does not constitute IIED); *Jackson v. Sun Oil Co. of Pa.*, 361 Pa.Super. 54, 60, 521 A.2d 469, 472 (1987) ("There is no cognizable claim [for IIED] where the failure to act, i.e., negligence of a party, forms the basis of the claim." (citing Restatement (Second) of Torts § 46)); *Sabo v. UPMC Altoona*, 386 F.Supp.3d 530, 557 (W.D. Penn. 2019) (quoting *Jackson*); *Turek v. United Technologies Corp., Pratt & Whitney Div.*, 2015 WL 5712961 at *5 (Conn. Super. Ct. Aug. 27, 2015) (unreported) ("To establish a claim of intentional infliction of emotional distress, particularly atrocious affirmative conduct is required—as opposed to a highly unreasonable 'failure to act' appropriately").

Here, plaintiff's IIED claim fails because it is not based upon any affirmative act of defendants. Plaintiff alleges that "Defendants have allowed the subject property to deteriorate into a filthy and unsafe place where drug use is rampant and debris is found throughout the common areas." *Second Amended Complaint* ¶ 88. But plaintiff does not allege that defendants affirmatively acted to create the "filthy and unsafe" conditions. Rather, plaintiff alleges that

Page 3   **DEFENDANTS COMMUNITY DEVELOPMENT PARTNERS AND GUARDIAN MANAGEMENT, LLC'S MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**
L:\3500.0041-Stanley\PLD\Motions to Dismiss Second Amended Complaint.docx

**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

defendants failed to act to prevent those conditions from being created by other tenants. Defendants cannot be liable for IIED based upon their alleged failure to act. Accordingly, plaintiff's IIED claim should be dismissed because it fails to state a claim from which relief can be granted.

**C.    Plaintiff's Claim Fails Because Plaintiff Has Not Alleged That Defendants Engaged in Outrageous Behavior.**

Plaintiff's allegation that defendants failed to prevent other tenants from creating filthy and unsafe conditions does not constitute outrageous conduct. To state a claim for IIED, plaintiff must allege "that defendants engaged in outrageous conduct, *i.e.*, conduct extraordinarily beyond the bounds of socially tolerable behavior." *House*, 218 Or App at 358. To establish this element, plaintiff must allege that defendants engaged in conduct that is more than merely "bad or offensive," the conduct must be "outrageous in the extreme[.]" *Patton v. J.C. Penney Co.*, 301 Or 117, 123-24 (1986). Whether the alleged conduct rises to that level is a question of law. *MacCrone v. Edwards Center, Inc.*, 160 Or App 91, 100 (1999). Because failure by a landlord to maintain a dwelling in a habitable condition does not constitute extreme or outrageous behavior, as a matter of law, plaintiff's claim fails.

No Oregon case appears to have considered the issue of whether a landlord's failure to maintain a dwelling in a habitable condition constitutes extreme or outrageous behavior. However, the Third District Court of Appeal of Florida in *Clemente v. Horne*, 707 So.2d 865, 866 (Fla. Dist. Ct. App. 1998) determined that a complaint containing similar allegations to those made by plaintiff failed to allege conduct that was sufficiently outrageous to state a claim for IIED. In *Clemente*, the tenant-plaintiffs alleged that the landlord-defendant was liable for IIED where the landlord permitted the property to have continuous standing water, including water in

Page 4    **DEFENDANTS COMMUNITY DEVELOPMENT PARTNERS AND GUARDIAN MANAGEMENT, LLC'S MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**
L:\3500.0041-Stanley\PLD\Motions to Dismiss Second Amended Complaint.docx

**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 SW Market St, Suite 1800
Portland, Oregon 97201
T (503) 222-4422  F (503) 222-4428

the electrical fixtures and lights, and permitted a termite infestation, along with violations of fire safety and health code laws. *Id.* at 866. The plaintiffs alleged that the landlord's failure to maintain the property in a habitable condition constituted IIED due to the anxiety and stress it created for them. *Id.* at 867. The Court affirmed the trial court's dismissal of the plaintiff's IIED claim because the landlord's failure to maintain the plaintiff's housing in a habitable condition "is not . . . the type of conduct that is so outrageous in character and so extreme in degree as to go beyond the bounds of decency and be deemed utterly intolerable in a civilized society." *Id.* (citing *Restatement (Second) of Torts*, § 46 cmt. d (1965)).

Here, plaintiff's claim that defendants' failure to maintain his housing in a habitable condition constitutes IIED similarly fails. Like the plaintiffs in *Clemente*, the only act plaintiff alleges as constituting IIED is Defendants' failure to maintain the dwelling in a habitable condition. Plaintiff's allegations are likely less severe than those made by the plaintiffs in *Clemente*. Plaintiff is only alleging that defendants failed to maintain the common areas of the property, *Second Amended Complaint* ¶ 30-34, whereas the *Clemente* plaintiffs' allegations related to the plaintiffs' personal living space. *Clemente*, 707 So.2d at 866. Additionally, the *Clemente* plaintiffs' allegations included continuous life safety hazards including standing water in electrical fixtures and the shutoff of electricity. *Id.* Finally, plaintiff's allegations stem from the acts of other tenants, not defendants themselves, that plaintiff alleges defendants failed to prevent, while the *Clemente* plaintiffs' allegations stemmed from the landlord's failure to address known natural phenomenon. Like the plaintiffs in *Clemente*, plaintiff has failed to allege that defendants engaged in conduct so outrageous that it goes beyond bounds of socially tolerable conduct. As a result, plaintiff has failed to state a claim for IIED and his claim should be dismissed.

Page 5   **DEFENDANTS COMMUNITY DEVELOPMENT PARTNERS AND GUARDIAN MANAGEMENT, LLC'S MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**
L:\3500.0041-Stanley\PLD\Motions to Dismiss Second Amended Complaint.docx

**DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.**
200 SW Market St, Suite 1800
Portland, Oregon 97201
T (503) 222-4422  F (503) 222-4428

## MOTION TWO

For an order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing plaintiff's Fair Housing Amendment Act, Rehabilitation Act, and Oregon Fair Housing Act discrimination claims alleging failure to engage in an interactive process regarding plaintiff's requests for reasonable accommodation because such claims fail to state a claim for relief.

## LEGAL MEMORANDUM IN SUPPORT OF MOTION TWO

**D.    A Landlord Cannot Be Liable for Failure to Engage in an Interactive Process Related to Reasonable Accommodation Requests.**

Plaintiff's Fair Housing Amendments Act (FHAA) and Oregon Fair Housing Act (OFHA) claims both contain independent claims based upon defendants' failure "to engage in the interactive process with Plaintiff regarding his requests for reasonable accommodation." *Second Amended Complaint* ¶¶ 53(e); 67(c). Plaintiff makes the same allegation in his Rehabilitation Act claim against defendant CDP. *Second Amended Complaint* ¶ 61. "[T]here is no 'standalone' liability under the FHAA for a landlord's failure to engage in an 'interactive process' with a tenant." *Howard v. HMK Holdings, LLC*, 988 F.3d 1185, 1191 (9th Cir. 2021). The OFHA mirrors the FHAA and is interpreted identically. *Wilson v. Guardian Management, LLC*, 383 F.Supp.3d 1105, 1108 (D. Or. April 22, 2019). The Rehabilitation Act, as applied to reasonable accommodation claims, applies identically to the FHAA as well. *Giebler v. M & B Associates*, 343 F.3d 1143, 1149 (9th Cir. 2003). Thus, plaintiff's reasonable accommodation claims related to defendants' alleged failure to engage in an "interactive process" related to his accommodation requests fail to state a claim from which relief can be granted and should be dismissed.

/ / /

Page 6    DEFENDANTS COMMUNITY DEVELOPMENT PARTNERS AND GUARDIAN MANAGEMENT, LLC'S MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
L:\3500.0041-Stanley\PLD\Motions to Dismiss Second Amended Complaint.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW Market St, Suite 1800
Portland, Oregon 97201
T (503) 222-4422  F (503) 222-4428

## MOTION THREE

For an order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing plaintiff's Fair Housing Amendment Act, Rehabilitation Act, and Oregon Fair Housing Act discrimination claims alleging failure to designate a nonsmoking area of Milepost 5 and relocating plaintiff to a non-smoking unit because such claims fail to state a claim for relief.

## LEGAL MEMORANDUM IN SUPPORT OF MOTION THREE

**E.     Plaintiff's Request to Be Relocated to a Non-Smoking Unit is Not Reasonable as a Matter of Law.**

Plaintiff's FHAA, OFHA, and Rehabilitation Act claims related to his request that defendants designate an area of Milepost 5 as non-smoking and relocate plaintiff to that area fails because such an accommodation is not reasonable as a matter of law. The Ninth Circuit has made clear that "only 'reasonable' accommodations are required[.]" *Giebler*, 343 F.3d at 1148. An accommodation is reasonable when it imposes no fundamental alteration in the nature of the program or undue financial or administrative burdens. *Id.* at 1157. The obligation to provide reasonable accommodations does not require a landlord to provide an accommodation that is inconsistent with the contractual rights of other tenants. *See Laurin v. Providence Hosp.*, 150 F.3d 52, 60 (1st Cir. 1998) (reasonable accommodations in employment context do not require interference with contractual rights of other employees).

To begin, plaintiff's claim fails because no request was denied. Plaintiff alleges that he requested that he be relocated to a unit in Milepost 5 in a designated no-smoking area. But all of Milepost 5, including plaintiff's unit, is designated as a no-smoking area. *Second Amended Complaint* ¶ 23. Thus, plaintiff has *already* been placed in a unit in a designated no-smoking

/ / /

Page 7    DEFENDANTS COMMUNITY DEVELOPMENT PARTNERS AND GUARDIAN MANAGEMENT, LLC'S MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
L:\3500.0041-Stanley\PLD\Motions to Dismiss Second Amended Complaint.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

area of Milepost 5. As a result, plaintiff's request to be placed in a designated no-smoking area of Milepost 5 has not been denied.

In any event, plaintiff's request to be relocated to a different unit is unreasonable as a matter of law. First, plaintiff's request does not relate to his ability to use and enjoy his dwelling. Rather, plaintiff is requesting that he be provided a different unit. 42 U.S.C. § 3604(3)(B) defines discrimination under the FHAA as a refusal to make reasonable accommodations "when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." It does not require that a landlord provide an alternate dwelling. Plaintiff has signed a lease for a particular unit at Milepost 5. Plaintiff's requested accommodation to be provided a different unit is a fundamental alteration in the nature of the program and would impose undue financial and administrative burdens on defendants, who would need to breach plaintiff's lease and enter into a new lease agreement for a new unit.

And even assuming the FHAA requires a landlord to procure a new unit for a tenant that finds their unit unsatisfactory, such an accommodation would not be reasonable. To begin, it is unclear how defendants would be able to identify which tenants do and do not smoke. And even if defendants could, plaintiff's request would require defendants to breach its lease agreements with almost every tenant in the building. In order to create such a non-smoking wing of the building, defendants would need to evict every tenant in the designated wing who smokes. Defendants would then need to evict non-smoking tenants in other areas of the building to move the evicted tenants and force those tenants to trade units. Such a request is plainly unreasonable because identifying smoking and non-smoking tenants to switch units would impose a large administrative burden and such a mass eviction would change the very nature of defendants' relationship with their tenants and force defendants to incur undue financial burdens due to the

Page 8   **DEFENDANTS COMMUNITY DEVELOPMENT PARTNERS AND GUARDIAN MANAGEMENT, LLC'S MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**
L:\3500.0041-Stanley\PLD\Motions to Dismiss Second Amended Complaint.docx

**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422   F (503) 222-4428

breach of multiple lease agreements with tenants not parties to this action. Because none of plaintiff's proposed accommodations are reasonable, plaintiff fails to state a claim for discrimination, and his claim for relief should be dismissed.

## MOTION FOUR

For an order, pursuant to Fed. R. Civ. P. 12(f), to strike paragraphs 35 through 41 of plaintiff's complaint.

## LEGAL MEMORANDUM IN SUPPORT OF MOTION FOUR

Pursuant to Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading any . . . immaterial, impertinent, or scandalous matter." The function of a motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Immaterial matter is that which has no essential or important relationship to the claim for relief pled. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. *Id.*

Paragraphs 34 through 41 of the *Second Amended Complaint* contain allegations that another tenant harassed plaintiff, including the use of anti-gay slurs against him. Such allegations are the same as the allegations made in support of plaintiff's Fair Housing Act claim in his original *Complaint*, alleging that defendants harassed him by failing to prevent another tenant from harassing plaintiff based on a protected class. That claim was dismissed with prejudice. *Dkt.* 35.

Plaintiff now seeks to avoid the court's dismissal of his harassment claim by pleading the same allegations in the facts section of his complaint. Those facts appear unrelated to plaintiff's claims against defendants. Defendants should not have to continue to expend time and resources

Page 9   DEFENDANTS COMMUNITY DEVELOPMENT PARTNERS AND GUARDIAN MANAGEMENT, LLC'S MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
L:\3500.0041-Stanley\PLD\Motions to Dismiss Second Amended Complaint.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

continuing to litigate this issue. Paragraphs 35 through 41 of plaintiff's complaint should be stricken.

DATED this 26th day of August, 2021.

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.

*s/ Sean D. McKean*
_____
Christopher J. Drotzmann, OSB No. 962636
Email: cdrotzmann@davisrothwell.com
Sean D. McKean, OSB No. 204142
Email: smckean@davisrothwell.com
Of Attorneys for Defendants
Community Development Partners and
Guardian Management, LLC

Page 10  **DEFENDANTS COMMUNITY DEVELOPMENT PARTNERS AND GUARDIAN MANAGEMENT, LLC'S MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**
L:\3500.0041-Stanley\PLD\Motions to Dismiss Second Amended Complaint.docx

**DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428