**Christopher J. Drotzmann, OSB No. 962636**
Email: cdrotzmann@davisrothwell.com
**Sean D. McKean, OSB No. 204142**
Email: smckean@davisrothwell.com
**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 S.W. Market Street, Suite 1800
Portland, Oregon 97201
Tel:  (503) 222-4422
Fax:  (503) 222-4428

Of Attorneys for Defendants Community
Development Partners and Guardian Management, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON - PORTLAND DIVISION

| | |
|---|---|
| STEVEN L. STANLEY, | Case No. 3:21-cv-193-MO |
| Plaintiff, | **DEFENDANTS COMMUNITY DEVELOPMENT PARTNERS AND GUARDIAN MANAGEMENT, LLC'S REPLY IN SUPPORT OF MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| v. | |
| COMMUNITY DEVELOPMENT PARTNERS (CDP) – ERIK PAINE; KYLE PAINE, BRADFORD LONG; GUARDIAN MANAGEMENT, LLC; VERIDIAN MANAGEMENT, INC., | |
| Defendants. | |

/ / /

/ / /

/ / /

Page 1  DEFENDANTS COMMUNITY DEVELOPMENT PARTNERS AND GUARDIAN MANAGEMENT, LLC'S REPLY IN SUPPORT OF MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
L:\3500.0041-Stanley\PLD\Reply ISO Motions to Dismiss 2nd Amend Complaint.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

## REPLY

## MOTION ONE

**A.     Intentional Infliction of Emotional Distress Requires Affirmative Conduct, Not a Failure to Act.**

A claim for Intentional Infliction of Emotional Distress ("IIED") requires the plaintiff to plead and prove that Defendants "engaged in" "conduct" that exceeds the bounds of socially tolerable behavior and caused the plaintiff severe emotional distress. *House v. Hicks*, 218 Or. App. 348, 358 (2008). The elements of the tort require that an IIED claim stem from a defendant's *affirmative* outrageous conduct. Otherwise, that conduct would not have been "engaged in."

That interpretation of the elements of IIED appears to be the consensus of the jurisdictions that have considered the issue. *See, e.g., Riley v. Whybrew*, 185 S.W.3d 393, 399 (Tenn. Crt. App. 2005); *Jackson v. Sun Oil Co. of Pa.*, 361 Pa.Super. 54, 60 (1987); *Sabo v. UPMC Altoona*, 386 F.Supp.3d 530, 557 (W.D. Penn. 2019); *Turek v. United Technologies Corp., Pratt & Whitney Div.*, 2015 WL 5712961 at *5 (Conn. Super. Ct. Aug. 27, 2015) (unreported). Plaintiff provides no contrary authority, nor is counsel for Defendants aware of any. Thus, the requirement of affirmative conduct, and insufficiency of allegations that a defendant failed to act, to sustain a claim for IIED appears to be a generally accepted rule, even if no Oregon court has yet squarely addressed the issue.

Plaintiff invites this court to decline to resolve the issue because there is no Oregon case directly on point. Plaintiff's invitation is contrary to the methodology by which federal courts resolve questions of state law. Federal courts interpret Oregon law as would the Oregon Supreme Court. *Powell's Books, Inc. v. Kroger*, 622 F.3d 1202, 1209 (9th Cir. 2010). If the Oregon

Page 2   DEFENDANTS COMMUNITY DEVELOPMENT PARTNERS AND GUARDIAN MANAGEMENT, LLC'S REPLY IN SUPPORT OF MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
L:\3500.0041-Stanley\PLD\Reply ISO Motions to Dismiss 2nd Amend Complaint.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

Supreme Court has not squarely addressed the issue before the court, the court's job is to predict how the Oregon Supreme Court would decide the issue if presented. *Alliance for Prop. Rights & Fiscal Responsibility v. City of Id. Falls*, 742 F.3d 1100, 1102 (9th Cir. 2013). The court does so "using intermediate appellate court decisions, *decisions from other jurisdictions*, statutes, treatises and restatements for guidance." *Id.* (quoting *Glendale Assocs., Ltd v. N.L.R.B.*, 347 F.3d 1145, 1154 (9th Cir. 2003)) (emphasis added). Thus, the Court may not, as Plaintiff suggests, simply decline to decide the issue because there is no state law on point. Rather, the court must attempt to predict how the Oregon Supreme Court would decide the issue if presented, and rule accordingly. In doing so, the court may consult decisions from other jurisdictions on the same issue.

Here, Defendants have provided analysis of the elements of an IIED claim under Oregon law that suggest that affirmative action is required. In addition, Defendants have provided numerous cases from other jurisdictions holding that affirmative action is a necessary element of an IIED claim. Those foreign jurisdiction cases are predictive of how the Oregon Supreme Court would resolve the issue. Plaintiff has provided *no authority* to the contrary. Accordingly, an IIED claim under Oregon law requires that a defendant engage in some affirmative conduct, not just a failure to act. Because Plaintiff's claim is based upon Defendants' alleged failure to act, Plaintiff's IIED claim fails as a matter of law and should be dismissed. In addition, this claim should be dismissed with prejudice because Plaintiff's claim is based upon a fundamentally flawed legal theory, and the pleading of additional facts would not resolve the issue.

**B.    Plaintiff Has Not Alleged Any Affirmative Act Constituting IIED.**

Plaintiff's IIED claim fails because Plaintiff has alleged only that Defendants failed to act, causing him emotional distress. In the Second Amended Complaint, the only conduct

Page 3    DEFENDANTS COMMUNITY DEVELOPMENT PARTNERS AND GUARDIAN MANAGEMENT, LLC'S REPLY IN SUPPORT OF MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
L:\3500.0041-Stanley\PLD\Reply ISO Motions to Dismiss 2nd Amend Complaint.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

Plaintiff alleges Defendants engaged in is "allow[ing] the subject property to deteriorate into a filthy and unsafe place[.]" *Second Amended Complaint* ¶ 88. Plaintiff does not allege that Defendants created the "filthy and unsafe" conditions, or that Defendants instructed others to create such conditions. Rather, Plaintiff's allegation is that other tenants created those conditions, and Defendants failed to act to remedy such conditions. Thus, Plaintiff's IIED claim is predicated upon a failure to act, rather than an affirmative action. Accordingly, Plaintiff fails to state a claim for IIED.

Plaintiff attempts to remedy this issue by labeling its allegations as an affirmative failure to act and by alleging that Defendants "knowingly" failed to act. *See Memorandum in Opposition* at pg. 4. But the issue is the conceptual distinction between an affirmative act and a failure to act. The insertion of the word "affirmatively" in a party's legal argument does not transform a failure to act into affirmative action. Nor does a defendant's mental state at the time it failed to act affect whether the alleged conduct is an affirmative action or a failure to act. The weight of the authority supports the proposition that a defendant cannot be liable for IIED for its failure to act. Plaintiff has alleged only that his emotional distress results from conditions created by others that Defendants allegedly failed to remedy. Thus, Plaintiff's IIED claim fails as a matter of law and should be dismissed.

**C.    Plaintiff Fails to Allege That Defendants Engaged in Outrageous Conduct.**

Even if Defendants could be liable for failing to act, Plaintiff's claim would fail because such failure to act was not of the kind of outrageous conduct necessary to state a claim for IIED. In evaluating an IIED claim, under Oregon law, a trial court's role is to play a "gatekeeper role in evaluating the viability of an IIED claim by assessing the allegedly tortious conduct to determine whether it goes beyond the farthest reaches of socially tolerable behavior." *House v.*

Page 4    DEFENDANTS COMMUNITY DEVELOPMENT PARTNERS AND GUARDIAN MANAGEMENT, LLC'S REPLY IN SUPPORT OF MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
L:\3500.0041-Stanley\PLD\Reply ISO Motions to Dismiss 2nd Amend Complaint.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

*Hicks*, 218 Or. App. 348, 358 (2008). In their motion, Defendants cite *Clemente v. Horne*, 707 So.2d 865, 866 (Fla. Dist. Ct. App. 1998), in which the court held that a landlord's failure to maintain a property in a habitable condition did not, as a matter of law, constitute the kind of outrageous conduct supporting a claim for IIED. Plaintiff's claims that Defendants permitted the property to deteriorate into "filthy and unsafe" conditions are less severe than the conditions at issue in *Clemente* – continuous standing water in electrical fixtures, termite infestation, numerous health and fire code violations. Thus, like the claims in *Clemente*, Plaintiff's claims fail to allege sufficiently outrageous conduct to support a claim for IIED.

Plaintiff counters by pointing out that a landlord and tenant are in a "special relationship" that imposes a greater burden to refrain from engaging in outrageous conduct. *Memorandum in Opposition* at pg. 5. But the existence of a landlord-tenant relationship does not automatically establish that alleged conduct is outrageous. The parties in the *Clemente* case were also in a landlord-tenant relationship. Yet, the similar conduct alleged in the *Clemente* case still failed to establish that the landlord-defendant had engaged in outrageous conduct sufficient to establish an IIED claim. Thus, even in a landlord-tenant relationship, conduct of the kind alleged fails to state a claim for IIED and Plaintiff's claim should be dismissed.

## MOTION TWO

**D.  Plaintiff's Complaint Contains Standalone Claims for Failure to Engage in an Interactive Process.**

There is no liability for a landlord's failure to engage in an "interactive process" with a tenant. *Howard v. HMK Holdings, LLC*, 988 F.3d 1185, 1191 (9th Cir. 2021). Plaintiff concedes this point. *Memorandum in Opposition* pg. 6 ("Plaintiff acknowledges that failing to engage in the interactive process does not provide for an independent basis for liability under the FHAA,

Page 5    DEFENDANTS COMMUNITY DEVELOPMENT PARTNERS AND GUARDIAN MANAGEMENT, LLC'S REPLY IN SUPPORT OF MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
L:\3500.0041-Stanley\PLD\Reply ISO Motions to Dismiss 2nd Amend Complaint.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

without a showing that an accommodation was necessary"). However, Plaintiff argues that he has made no such claim for failure to engage in an interactive process. But, as Plaintiff has structured his *Second Amended Complaint*, Plaintiff has made a standalone claim for failure to engage in an interactive process, and that claim should be dismissed.

Paragraph 53 of the *Second Amended Complaint* contains six separate claims for independent allegedly discriminatory acts by Defendants that Plaintiff claims constitute discrimination under the FHAA. Allegation (e) of that paragraph contains a claim for "failing to engage in the interactive process with Plaintiff regarding his multiple requests for reasonable accommodation." *Second Amended Complaint* ¶ 53(e). Plaintiff's Second Claim for Relief for discrimination under the Rehabilitation Act realleges that same allegation. *Second Amended Complaint* ¶ 61. Paragraph 67 of the *Second Amended Complaint* contains five separate claims for independent allegedly discriminatory acts by Defendants that Plaintiff claims constitute discrimination under the OFHA. Allegation (c) of that paragraph contains a claim for "failing to engage in the interactive process with Plaintiff regarding his requests for reasonable accommodation." *Second Amended Complaint* ¶ 67(c).

As the *Second Amended Complaint* is currently pled, it contains standalone claims for failure to engage in an interactive process. There is no liability for such a claim, and those claims should be dismissed.

## MOTION THREE

**E.    Plaintiff's Accommodation Request for the Designation of a Non-Smoking Wing and Relocation to that Wing is Unreasonable as a Matter of Law.**

The *Second Amended Complaint* alleges that Defendants discriminated against Plaintiff by not "designating a nonsmoking area of the subject property and relocating Plaintiff to a

Page 6   DEFENDANTS COMMUNITY DEVELOPMENT PARTNERS AND GUARDIAN MANAGEMENT, LLC'S REPLY IN SUPPORT OF MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
L:\3500.0041-Stanley\PLD\Reply ISO Motions to Dismiss 2nd Amend Complaint.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW Market St, Suite 1800
Portland, Oregon 97201
T (503) 222-4422  F (503) 222-4428

nonsmoking unit[.]" *Second Amended Complaint* ¶¶ 53(f); 61. That claim fails because such an accommodation is not reasonable for the reasons discussed in Defendants' Motion. *See Motion* at pg. 7-9. Specifically, such an accommodation would impose significant administrative and financial burdens and would require the breach of multiple lease agreements with tenants that are not parties to this action.

Plaintiff responds by arguing that enforcing the existing no-smoking policy is not unreasonable. *Memorandum in Opposition* at 8. But Defendants have not moved against Plaintiff's claim regarding enforcing the no-smoking policy. As discussed in the above section, Plaintiff has structured his complaint as containing multiple different allegations of discrimination. One of those allegations is that Defendants failed to reasonably accommodate Plaintiff by failing to create a non-smoking wing of the building and relocate Plaintiff to that wing. That claim fails because such an accommodation is unreasonable as a matter of law. Whether other alleged accommodations may be reasonable is beside the point. Because Plaintiff's discrimination claim related to failure to designate a non-smoking wing of the building and relocate Plaintiff to that wing is not reasonable as a matter of law, that claim should be dismissed.

## MOTION FOUR

**F.     Paragraphs 35 through 41 are Unrelated to Any Claim and Restate Claims That Have Already Been Dismissed with Prejudice.**

In Plaintiff's original *Complaint*, Plaintiff alleged that Defendants violated the Fair Housing Act by permitting another tenant to harass him. *See Complaint* pg. 12. That claim was dismissed with prejudice. *Dkt.* 35. Plaintiff now brings those same allegations in his "FACTS" section, unrelated to any claim. *Second Amended Complaint* ¶ 35-41. This court has already

Page 7  DEFENDANTS COMMUNITY DEVELOPMENT PARTNERS AND GUARDIAN MANAGEMENT, LLC'S REPLY IN SUPPORT OF MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
L:\3500.0041-Stanley\PLD\Reply ISO Motions to Dismiss 2nd Amend Complaint.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

determined that Plaintiff has no claim against Defendants for the facts at issue, and Defendants should not be required to continue to litigate this issue despite a dispositive motion in their favor.

Plaintiff notes that his *Second Amended Complaint* "provides additional factual information and legal grounds to support his FHAA and OFHA claims[.]" *Memorandum in Opposition* at 10. But none of those claims are based upon the allegations of tenant-on-tenant harassment in paragraphs 35-41. Nor could those claims be based upon those allegations, as the FHAA claim based upon that harassment has already been dismissed with prejudice. Plaintiff fails to identify any other claim to which the allegations in paragraphs 35-41 relate. Those paragraphs serve no other purpose than to inject an issue already dismissed back into the litigation. Such allegations are the kind of "scandalous" matter "which improperly casts a derogatory light on" a party. 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (2d. ed. 1990). "The disfavored character of Rule 12(f) is relaxed somewhat in the context of scandalous allegations and matter of this type often will be stricken from the pleadings[.]" *Id.*

Plaintiff counters that Defendants are improperly using a motion to strike to dismiss his claims. *Memorandum in Opposition* at pg. 10. Plaintiff is incorrect. Defendants' motion to strike does not seek to dismiss any claims in the *Second Amended Complaint*. Defendants are seeking to remove from the complaint allegations unrelated to any claim that reinsert claims that have already been dismissed. That is the proper purpose of a motion to strike. Defendants' motion to strike paragraphs 35-41 of the *Second Amended Complaint* should be granted.

/ / /

/ / /

/ / /

Page 8   **DEFENDANTS COMMUNITY DEVELOPMENT PARTNERS AND GUARDIAN MANAGEMENT, LLC'S REPLY IN SUPPORT OF MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**
L:\3500.0041-Stanley\PLD\Reply ISO Motions to Dismiss 2nd Amend Complaint.docx

**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 SW Market St, Suite 1800
Portland, Oregon 97201
T (503) 222-4422  F (503) 222-4428

**G.     Defendants Have Not Moved Against Plaintiff's State Law Claims.**

Plaintiff argues that his state law claims should not be dismissed and this court should exercise supplemental jurisdiction over Plaintiff's state law claims. *Memorandum in Opposition* at 8-9. Defendants have not moved against Plaintiff's state law claims.

DATED this 20th day of September, 2021.

                                          DAVIS ROTHWELL
                                        EARLE & XÓCHIHUA P.C.


                                          s/ Sean D. McKean
                                        Christopher J. Drotzmann, OSB No. 962636
                                        Email: cdrotzmann@davisrothwell.com
                                        Sean D. McKean, OSB No. 204142
                                        Email: smckean@davisrothwell.com
                                        Of Attorneys for Defendants
                                        Community Development Partners and
                                        Guardian Management, LLC

Page 9    DEFENDANTS COMMUNITY DEVELOPMENT PARTNERS AND GUARDIAN MANAGEMENT, LLC'S REPLY IN SUPPORT OF MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
L:\3500.0041-Stanley\PLD\Reply ISO Motions to Dismiss 2nd Amend Complaint.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428