**Katie L. Smith**, OSB No. 034545
ksmith@lorberlaw.com
**Paul L. Hathaway IV**, OSB No. 183515
phathaway@lorberlaw.com
LORBER, GREENFIELD & POLITO LLP
10200 SW Greenburg Rd., Ste. 740
Portland, Oregon 97223
T: (503) 416-4785
F: (503) 416-4795

*Attorneys for Viridian Management, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| STEVEN L. STANLEY,<br><br>            Plaintiff,<br><br>v.<br><br>COMMUNITY DEVELOPMENT PARTNERS (CDP); GUARDIAN MANAGEMENT, LLC; VIRIDIAN MANAGEMENT, INC.<br><br>            Defendants. | Case No. 3:21-CV-193-MO<br><br>DEFENDANT VIRIDIAN MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND COUNTERCLAIM |

For its Answer to Plaintiff Steven Stanley's ("Plaintiff") Second Amended Complaint ("Complaint"), Defendant Viridian Management, Inc. ("Viridian") hereby admits, denies, and alleges as follows:

## ANSWER

### PRELIMINARY STATEMENT

1. Paragraph 1 is not directed at Viridian and therefore no response is required. To the extent a response is required, Viridian admits that Plaintiff brought an action against

///

PAGE 1 - DEFENDANT VIRIDIAN MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND COUNTERCLAIM

LORBER, GREENFIELD & POLITO, LLP
10200 SW Greenburg Rd., Ste. 740, Portland, Oregon 97223
Telephone (503) 416-4785 / Facsimile (503) 416-4795

2. Viridian. Viridian expressly denies any wrongdoing or that it violated any of the statutes or regulations cited in paragraph 1.

## JURISDICTION AND VENUE

3. In response to Paragraph 2, Viridian admits this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

4. In response to Paragraph 3, Viridian admits this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

5. In response to Paragraph 4, Viridian admits that venue is proper.

## THE PARTIES

6. The allegations in Paragraph 5 are not directed at Viridian and, therefore, no response is required.

7. In response to Paragraph 6, Viridian admits that, beginning in April 2019, Plaintiff resided as a tenant in an apartment complex located at 850 NE 81st Avenue, in Portland, Multnomah County, Oregon (known as Milepost 5 Apartments). Viridian further admits it was the property manager from the subject property beginning prior to April 2019 through January 31, 2020. Upon information and believe, Defendant Guardian took over as property manager of the subject property on February 1, 2020. Except as stated herein, Viridian denies.

8. In response to Paragraph 7, upon information and belief, Viridian admits.

9. In response to Paragraph 8, upon information and belief Viridian Defendant Guardian took over as property manager of the subject property on February 1, 2020 (not February 1, 2021 as alleged). lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

10. In response to Paragraph 9, Viridian admits that it is an Oregon corporation that does business in Oregon. Viridian expressly denies that it provided management services for the property until February 1, 2021, but admits it provided management services for the property through January 31, 2020. Viridian lacks knowledge or information

PAGE 2 - DEFENDANT VIRIDIAN MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND COUNTERCLAIM

LORBER, GREENFIELD & POLITO, LLP
10200 SW Greenburg Rd., Ste. 740, Portland, Oregon 97223
Telephone (503) 416-4785 / Facsimile (503) 416-4795

sufficient to form a belief regarding the truth of the remaining allegations and, therefore, denies them.

11.  Paragraph 10 contains no allegations, and no response is required.

12.  The allegations in Paragraph 11 call for legal conclusions and are, therefore, denied.

13.  The allegations in Paragraph 12 call for legal conclusions and are, therefore, denied.

## FACTUAL ALLEGATIONS

14.  In response to Paragraph 13, Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

15.  In response to Paragraph 14 Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

16.  In response to Paragraph 15, Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

17.  In response to Paragraph 16, Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

18.  In response to Paragraph 17, upon information and belief, Viridian admits.

19.  In response to Paragraph 18, Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

20.  In response to Paragraph 19, Viridian admits the subject property was advertised as an apartment building with studio units. Except as admitted herein, Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

21.  In response to Paragraph 20, Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

22.  In response to Paragraph 21, Viridian admits that it entered into a rental agreement with Plaintiff. The exhibit/agreement speaks for itself.

23.  In response to Paragraph 22, the rental agreement speaks for itself.

PAGE 3 - DEFENDANT VIRIDIAN MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND COUNTERCLAIM

LORBER, GREENFIELD & POLITO, LLP
10200 SW Greenburg Rd., Ste. 740, Portland, Oregon 97223
Telephone (503) 416-4785 / Facsimile (503) 416-4795

24. In response to Paragraph 23, the rental agreement speaks for itself.

25. In response to Paragraph 24, the rental agreement speaks for itself.

26. In response to Paragraph 25, Viridian denies the allegations.

27. In response to Paragraph 26, as it relates to the time period relevant to Viridian and not otherwise the subject of a prior confidential settlement (December 21, 2019 through January 31, 2020), Viridian denies. Except as admitted herein, Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

28. In response to Paragraph 27, Viridian admits it entered into a Confidential Mutual Release and Settlement Agreement with Plaintiff dated December 20, 2019, releasing and any all claims arising out of any events leading up to and including that date. The agreement speaks for itself.

29. In response to Paragraph 28, Viridian denies that it managed the property until February 1, 2021. Viridian does admit it managed the property until February 1, 2020.

30. In response to Paragraph 29, upon information and belief, Viridian admits Guardian managed the property beginning February 1, 2020.

**Unsafe Conditions at the Subject Property**

31. In response to Paragraph 30, the allegations relate to time periods that are subject to a release of claims outlined in a Confidential Mutual Release and Settlement Agreement with Plaintiff dated December 20, 2019 and no response is necessary for allegations involving the time period of April 2019 through December 20, 2019. Except as stated herein, Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

32. In response to Paragraph 31, the allegations relate to time periods that are subject to a release of claims outlined in a Confidential Mutual Release and Settlement Agreement with Plaintiff dated December 20, 2019 and no response is necessary for allegations involving the time period of April 2019 through December 20, 2019. Except as

PAGE 4 - DEFENDANT VIRIDIAN MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND COUNTERCLAIM

LORBER, GREENFIELD & POLITO, LLP
10200 SW Greenburg Rd., Ste. 740, Portland, Oregon 97223
Telephone (503) 416-4785 / Facsimile (503) 416-4795

stated herein, Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

33. In response to Paragraph 32, Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

34. In response to Paragraph 33, the allegations relate to time periods that are subject to a release of claims outlined in a Confidential Mutual Release and Settlement Agreement with Plaintiff dated December 20, 2019 and no response is necessary for allegations involving the time period of April 2019 through December 20, 2019. Except as stated herein, Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

35. In response to Paragraph 34, Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

**Plaintiff's Harassment by Other Tenants**

36. In response to Paragraph 35, Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

37. In response to Paragraph 36, the allegations relate to a time period after Viridian's property management ended and Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

38. In response to Paragraph 37, the allegations relate to a time period after Viridian's property management ended and Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

39. In response to Paragraph 38, the allegations relate to a time period after Viridian's property management ended and Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

40. In response to Paragraph 39, the allegations relate to a time period after Viridian's property management ended and Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

PAGE 5 - DEFENDANT VIRIDIAN MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND COUNTERCLAIM

LORBER, GREENFIELD & POLITO, LLP
10200 SW Greenburg Rd., Ste. 740, Portland, Oregon 97223
Telephone (503) 416-4785 / Facsimile (503) 416-4795

41. In response to Paragraph 40, the allegations relate to a time period after Viridian's property management ended and Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

42. In response to Paragraph 41, the allegations relate to a time period after Viridian's property management ended and Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

**Plaintiff's Medical Conditions Worsen Due to Conditions at the Subject Property**

43. In response to Paragraph 42, Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

44. In response to Paragraph 43, Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

45. In response to Paragraph 44, Viridian admits that there was a no smoking policy in place when it managed the property. Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations and, therefore, denies them.

46. In response to Paragraph 45, Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

47. In response to Paragraph 46, Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

48. In response to Paragraph 47, the allegations relate to time periods that are subject to a release of claims outlined in a Confidential Mutual Release and Settlement Agreement with Plaintiff dated December 20, 2019 and no response is necessary for allegations involving the time period of April 2019 through December 20, 2019. Except as stated herein, Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

49. In response to Paragraph 48, the allegations relate to time periods that are subject to a release of claims outlined in a Confidential Mutual Release and Settlement Agreement with Plaintiff dated December 20, 2019 and no response is necessary for

PAGE 6 - DEFENDANT VIRIDIAN MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND COUNTERCLAIM

LORBER, GREENFIELD & POLITO, LLP
10200 SW Greenburg Rd., Ste. 740, Portland, Oregon 97223
Telephone (503) 416-4785 / Facsimile (503) 416-4795

allegations involving the time period of April 2019 through December 20, 2019. Except as stated herein, Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

50. In response to Paragraph 49, Viridian denies.

### FIRST CLAIM FOR RELIEF
### (Violations of the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 *et seq*)
### (Against All Defendants)

51. In response to Paragraph 50, Viridian reasserts its prior responses and incorporates them by reference as if fully set forth herein.

52. In response to Paragraph 51, the Fair Housing Act speaks for itself.

53. The allegations in Paragraph 52 call for legal conclusions and are, therefore, denied.

54. In response to Paragraph 53, Viridian denies the allegations.

55. In response to Paragraph 54, Viridian denies the allegations.

56. In response to Paragraph 55, Viridian denies the allegations.

57. In response to Paragraph 56, Viridian denies the allegations.

58. In response to Paragraph 57, Viridian denies the allegations.

### SECOND CLAIM FOR RELIEF
### (VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT OF 1973 – 29 U.S.C. § 794, *ET SEQ.*)
### (AGAINST DEFENDANT CDP ONLY)

59. Paragraphs 58-63 are not directed at Viridian and therefore no response is required.

### THIRD CLAIM FOR RELIEF
### (VIOLATIONS OF THE OREGON FAIR HOUSING ACT – O.R.S. §§ 659A.145, *ET SEQ.*)
### (AGAINST ALL DEFENDANTS)

60. In response to Paragraph 64, Viridian reasserts its prior responses and incorporates them by reference as if fully set forth herein.

///

PAGE 7 - DEFENDANT VIRIDIAN MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND COUNTERCLAIM

LORBER, GREENFIELD & POLITO, LLP
10200 SW Greenburg Rd., Ste. 740, Portland, Oregon 97223
Telephone (503) 416-4785 / Facsimile (503) 416-4795

61. The allegations in Paragraph 65 call for legal conclusions and are, therefore, denied.

62. In response to Paragraph 66, Viridian denies the allegations.

63. In response to Paragraph 67, Viridian denies the allegations.

64. In response to Paragraph 68, Viridian denies the allegations.

65. In response to Paragraph 69, Viridian denies the allegations.

**FOURTH CLAIM FOR RELIEF**
**(VIOLATIONS OF THE OREGON RESIDENTIAL LANDLORD AND TENANT ACT – O.R.S. §§ 90.100, *ET SEQ.*)**
**(AGAINST ALL DEFENDANTS)**

66. In response to Paragraph 70, Viridian reasserts its prior responses and incorporates them by reference as if fully set forth herein.

67. In response to Paragraph 71, Oregon Residential Landlord and Tenant Act speaks for itself.

68. In response to Paragraph 72, the allegations relate to time periods that are subject to a release of claims outlined in a Confidential Mutual Release and Settlement Agreement with Plaintiff dated December 20, 2019 and no response is necessary for allegations involving the time period of April 2019 through December 20, 2019. Except as stated herein, Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

69. In response to Paragraph 73, the allegations relate to time periods that are subject to a release of claims outlined in a Confidential Mutual Release and Settlement Agreement with Plaintiff dated December 20, 2019 and no response is necessary for allegations involving the time period of April 2019 through December 20, 2019. Except as stated herein, Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

70. In response to Paragraph 74, the allegations relate to time periods that are subject to a release of claims outlined in a Confidential Mutual Release and Settlement

PAGE 8 - DEFENDANT VIRIDIAN MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND COUNTERCLAIM

LORBER, GREENFIELD & POLITO, LLP
10200 SW Greenburg Rd., Ste. 740, Portland, Oregon 97223
Telephone (503) 416-4785 / Facsimile (503) 416-4795

Agreement with Plaintiff dated December 20, 2019 and no response is necessary for allegations involving the time period of April 2019 through December 20, 2019. Except as stated herein, Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

71.   In response to Paragraph 75, the allegations relate to time periods that are subject to a release of claims outlined in a Confidential Mutual Release and Settlement Agreement with Plaintiff dated December 20, 2019 and no response is necessary for allegations involving the time period of April 2019 through December 20, 2019. Except as stated herein, Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

72.   In response to Paragraph 76, the allegations relate to time periods that are subject to a release of claims outlined in a Confidential Mutual Release and Settlement Agreement with Plaintiff dated December 20, 2019 and no response is necessary for allegations involving the time period of April 2019 through December 20, 2019. Except as stated herein, Viridian lacks knowledge or information sufficient to form a belief regarding the truth of the allegations and, therefore, denies them.

73.   In response to Paragraph 77, Viridian denies the allegations.

74.   In response to Paragraph 78, Viridian denies the allegations.

75.   In response to Paragraph 79, Viridian denies the allegations.

## FIFTH CLAIM FOR RELIEF
## (NEGLIGENCE)
## (AGAINST ALL DEFENDANTS)

76.   In response to Paragraph 80, Viridian reasserts its prior responses and incorporates them by reference as if fully set forth herein.

77.   In response to Paragraph 81, Viridian objects to the extent that the allegations contain legal conclusions to which no response is required. To the extent the allegations are directed towards Viridian and a response is required, Viridian admits that it had a duty to

///

PAGE 9 - DEFENDANT VIRIDIAN MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND COUNTERCLAIM

LORBER, GREENFIELD & POLITO, LLP
10200 SW Greenburg Rd., Ste. 740, Portland, Oregon 97223
Telephone (503) 416-4785 / Facsimile (503) 416-4795

perform its work in accordance with Oregon law. Except as admitted herein, Viridian denies the remaining allegations.

78. In response to Paragraph 82, Viridian denies the allegations.

79. In response to Paragraph 83, Viridian denies the allegations.

80. In response to Paragraph 84, Viridian denies the allegations.

**SIXTH CLAIM FOR RELIEF**
**(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**
**(AGAINST ALL DEFENDANTS)**

Plaintiff's Intentional Infliction of Emotional Distress claim was dismissed upon ruling of the Court dated November 1, 2021 (Dkt. 78), thus no response is required. To the extent a response is deemed necessary, Viridian answers as follows.

81. In response to Paragraph 85, Viridian reasserts its prior responses and incorporates them by reference as if fully set forth herein.

82. In response to Paragraph 86, Viridian denies the allegations.

83. In response to Paragraph 87, Viridian denies the allegations.

84. In response to Paragraph 88, Viridian denies the allegations.

85. In response to Paragraph 89, Viridian denies the allegations.

86. In response to Paragraph 90, Viridian denies the allegations.

87. In response to Paragraph 91, Viridian denies the allegations.

88. Except as specifically admitted in this Answer, Viridian denies any and all remaining allegations, including Plaintiff's Prayer for Relief, not specifically admitted in this Answer.

**AFFIRMATIVE DEFENSES**

Viridian has not yet had the full opportunity to conduct a reasonable inquiry of the facts underlying this lawsuit, but based upon its current knowledge, information and belief, Viridian asserts the following affirmative defenses, some or all of which may ultimately be supported by the facts to be revealed in discovery and investigation of this case. Upon request and/or having conducted discovery in this case, Viridian will withdraw those

PAGE 10 - DEFENDANT VIRIDIAN MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND COUNTERCLAIM

LORBER, GREENFIELD & POLITO, LLP
10200 SW Greenburg Rd., Ste. 740, Portland, Oregon 97223
Telephone (503) 416-4785 / Facsimile (503) 416-4795

defenses that are unsupported by the facts revealed in pretrial discovery and investigation, should there be any such defenses. On the basis of the above, by way of further answer to Plaintiff's Complaint, Viridian alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

89. Viridian alleges the Complaint as a whole, and each claim for relief asserted therein, fails to state a claim against Viridian upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Offset)

90. Any award to Plaintiff must be offset by the value of monies and/or benefits paid to Plaintiff by others in connection with Plaintiff's claims.

### THIRD AFFIRMATIVE DEFENSE

### (Release/Waiver)

91. In December of 2019, Plaintiff and Viridian entered into a settlement agreement which released and forever discharged Viridian from all claims, loses, liabilities, obligations, suits, debts, contracts, agreements, promises, demands and damages, known or unknown, suspected or unsuspected which could have related to disputes arising from Plaintiff's tenancy. All or some of Plaintiff's claims against Viridian relate to conduct which occurred before the settlement agreement was entered. Plaintiff has released Viridian from any possible claims or damages arising from conduct which occurred before the settlement agreement was entered.

### FOURTH AFFIRMATIVE DEFENSE

### (Fault of Others)

92. Plaintiff's alleged damages, if any, were caused in whole or in part by the actions, omissions, and/or conduct of others over whom Viridian exercised no control, and Plaintiff is not entitled to recover any damages from Viridian on the basis of those actions, omissions, and/or conduct.

PAGE 11 - DEFENDANT VIRIDIAN MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND COUNTERCLAIM

LORBER, GREENFIELD & POLITO, LLP
10200 SW Greenburg Rd., Ste. 740, Portland, Oregon 97223
Telephone (503) 416-4785 / Facsimile (503) 416-4795

### FIFTH AFFIRMATIVE DEFENSE

### (Comparative Fault – CDP and Guardian)

93. Viridian's last day managing the property was on January 31, 2020. To the extent Viridian is found liable for conduct that occurred on February 1, 2020 or later, these damages are the result of fault of Guardian or CDP and not the fault of Viridian.

### ADDITIONAL AFFIRMATIVE DEFENSES

94. Viridian presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses or affirmative defenses in the event discovery indicates such defenses are appropriate.

### **COUNTER CLAIM**

### (Breach of Contract against Steven Stanley)

For its Counter Claim against Plaintiff, Viridian alleges as follows:

95. On December 22, 2019, Viridian entered into a Confidential Mutual Release and Settlement Agreement ("Settlement Agreement") with Plaintiff.

96. The Settlement Agreement released and forever discharged Viridian from all claims, loses, liabilities, obligations, suits, debts, contracts, agreements, promises, demands and damages, known or unknown, suspected or unsuspected which could have related to disputes arising from Plaintiff's tenancy through December 22, 2019.

97. Plaintiff admits he entered into the Settlement Agreement, releasing all claims related to events up to and including December 22, 2019 (¶ 27 SAC), but also mentions misconduct from the Defendants beginning in September of 2019 (or of no specified date) which has allegedly gotten worse over time (*see* ¶ 30, ¶ 31, ¶ 33, ¶ 45, ¶ 46, ¶ 47, ¶ 48, ¶ 49 of SAC).

98. All or some of Plaintiff's claims against Viridian relate to conduct which

///

PAGE 12 - DEFENDANT VIRIDIAN MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND COUNTERCLAIM

LORBER, GREENFIELD & POLITO, LLP
10200 SW Greenburg Rd., Ste. 740, Portland, Oregon 97223
Telephone (503) 416-4785 / Facsimile (503) 416-4795

occurred before the Settlement Agreement was entered.  Plaintiff has released Viridian from any possible damages or claims arising this conduct.

99. To the extent that Plaintiff has alleged claims arising from conduct which occurred prior to December 22, 2019, Viridian has had to defend itself against these claims.

100. To the extent Viridian must defend itself from claims allege by Plaintiff which were released by the prior Settlement Agreement, Plaintiff has breached the Settlement Agreement and Viridian is entitled to its reasonable attorney fees and costs, pursuant to Paragraph 12 of the Settlement Agreement.

## VIRIDIAN'S PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Viridian respectfully requests the following relief:

a. That Plaintiff recovers nothing from Viridian on Plaintiff's claims herein;

b. That judgment be entered against Plaintiff and in favor of Viridian;

c. That Plaintiff's Complaint be dismissed with prejudice;

d. That Viridian be awarded its costs and disbursements herein, including reasonable attorney fees;

e. That Viridian be granted such other and further relief as the Court may deem appropriate.

Dated this 9th day of November, 2021

LORBER, GREENFIELD & POLITO, LLP

By: /s/ *Katie L. Smith*
Katie L. Smith, OSB No. 034545
ksmith@lorberlaw.com
Paul L. Hathaway IV, OSB No. 183515
phathaway@lorberlaw.com
*Attorneys for Viridian Management, Inc.*

PAGE 13 - DEFENDANT VIRIDIAN MANAGEMENT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND COUNTERCLAIM

LORBER, GREENFIELD & POLITO, LLP
10200 SW Greenburg Rd., Ste. 740, Portland, Oregon 97223
Telephone (503) 416-4785 / Facsimile (503) 416-4795

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of November, 2021, a true and correct copy of the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via First Class Mail to those identified as nonregistered participants.

| | |
|---|---|
| Carter M. Mann<br>Courtney B. McFate<br>Lane Powell PC<br>601 SW 2nd Ave., Ste. 2100<br>Portland, OR 97204<br>Email: MannC@lanepowell.com<br>        McFateC@lanepowell.com<br><br>*Attorneys for Plaintiff* | Christopher J. Drotzmann<br>Sean D. McKean<br>Davis, Rothwell, Earle & Xóchihua, PC<br>200 SW Market St., Ste. 1800<br>Portland, OR 97201<br>Email: cdrotzmann@davisrothwell.com<br>        smckean@davisrothwell.com<br><br>*Attorneys for Defendants Community Development Partners (CDP) – Erik Paine, Kyle Pain. Bradford Long, and Guardian Management, LLC* |

**I declare under penalty of perjury under the laws of the State of Oregon that the above is true and correct.**

DATED this 9th day of November, 2021

LORBER, GREENFIELD & POLITO, LLP.


*/s/ Chandler Hicks*
Chandler Hicks, Legal Assistant