Carter M. Mann, OSB No. 960899
mannc@lanepowell.com
Courtney B. McFate, OSB No. 202025
mcfatec@lanepowell.com
**LANE POWELL PC**
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Telephone:  503.778.2100
Facsimile:  503.778.2200

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| STEVEN L. STANLEY,<br><br>                              Plaintiff,<br><br>       v.<br><br>COMMUNITY DEVELOPMENT PARTNERS (CDP); GUARDIAN MANAGEMENT, LLC; VIRIDIAN MANAGEMENT, INC.,<br><br>                              Defendant. | Case No. 3:21-CV-193-MO<br><br>**PLAINTIFF'S ANSWER TO DEFENDANTS COMMUNITY DEVELOPMENT PARTNERS AND GUARDIAN MANAGEMENT, LLC'S COUNTERCLAIM** |

Plaintiff STEVEN L. STANLEY ("Plaintiff") files this answer to Defendants COMMUNITY DEVELOPMENT PARTNERS ("CDP") and GUARDIAN MANAGEMENT, LLC's ("Guardian") (collectively, "Defendants") Counterclaim.

### I.     ADMISSIONS AND DENIALS

1. Plaintiff admits paragraph 42.

2. Plaintiff denies paragraph 43.  Guardian is not an intended third-party beneficiary to the Confidential Mutual Release and Settlement Agreement (the "Agreement") entered into by CDP, Plaintiff, and the then-current management company for the property at issue, Viridian

PAGE 1 –   PLAINTIFF'S ANSWER TO DEFENDANTS COMMUNITY
               DEVELOPMENT PARTNERS AND GUARDIAN
               MANAGEMENT, LLC'S COUNTERCLAIM

8781515.1

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

Management, Inc. ("Viridian"), and has no right to enforce its terms. Guardian was not an intended third-party beneficiary to the Agreement because it was not the contracting parties' intent to confer any contractual right on Guardian at the time the Agreement was executed, and Guardian did not provide consideration in exchange for any provisions of the Agreement. (*See Sisters of St. Joseph of Peace, Health, & Hosp. Servs. v. Russell*, 318 Or. 370, 375 (1994).) At best, Guardian is an incidental beneficiary to the Agreement, and as such, it cannot assert a counterclaim against Plaintiff to enforce the Agreement. (*Id.*)

3. Plaintiff admits in part and denies in part paragraph 44. Plaintiff admits that paragraph 3 of the Agreement states as follows:

> Release. The Parties hereby release and forever discharge each other, their agents, employees, successors, assigns, shareholders, directors, officers, employees, attorneys, insurers, predecessors, successors, affiliates, and subsidiaries from all claims, losses, liabilities, obligations, suits, debts, liens, contracts, agreements, promises, demands and damages, known or unknown, suspected or unsuspected which they had, now have or could have had which relate to the Dispute and all claims related to Tenant's Tenancy.

Plaintiff denies Defendants' characterization of this paragraph in their counterclaim, as it omits Plaintiff as one of the settling parties. The parties to the Agreement, Plaintiff, CDP, and Viridian, fully released claims against each other related to Plaintiff's tenancy, as of the date of the Agreement, December 20, 2019.

4. Plaintiff denies paragraph 45. None of Plaintiff's claims against CDP and Guardian relate to conduct that occurred before December 20, 2019, when the Agreement was executed. Background information is provided in the Complaint that discusses dates prior to December 20, 2019; however, events that took place prior to December 20, 2019 do not form the basis for Plaintiff's claims.

5. Plaintiff admits paragraph 46.

6. Plaintiff admits paragraph 47.

7. Plaintiff agrees in part and denies in part paragraph 48. Plaintiff agrees that his disclosure of the Agreement's terms was not necessary to effectuate the Agreement's terms, to

PAGE 2 – PLAINTIFF'S ANSWER TO DEFENDANTS COMMUNITY DEVELOPMENT PARTNERS AND GUARDIAN MANAGEMENT, LLC'S COUNTERCLAIM

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

8781515.1

comply with State or Federal law, related to any bona fide business necessity, or compelled by law.  Plaintiff denies that his disclosure of the Agreement's terms constitutes a breach of the Agreement.  The Agreement's confidentiality provision (paragraph 11) is void and unconscionable because it is procedurally and substantively unconscionable.  (*See Bagley v. Mt. Bachelor, Inc.*, 356 Or. 543, 554-555 (2014).)  There was unequal bargaining power between Plaintiff and Defendant CDP, as CDP and Viridian were commercial entities, and Plaintiff was a private, disabled, low-income and elderly individual.  As such, Plaintiff did not have a real opportunity to negotiate the terms of the Agreement, including the confidentiality provision. (*See id.* at 561.)  In addition, the confidentiality provision of the Agreement contravenes public policy and the public interest.  (*See id.* at 555.)  Requiring the Plaintiff to keep the "existence, terms, and conditions" of the Agreement confidential goes against public policy that encourages disabled and elderly individuals to report complaints of discrimination and harassment.

8. Plaintiff admits paragraph 49.

9. Plaintiff denies Defendants' assertion in paragraph 50 that suggests Plaintiff has asserted claims against Defendants related to conduct prior to December 20, 2019.  None of Plaintiff's claims against CDP and Guardian relate to conduct that occurred before December 20, 2019, when the Agreement was executed.  Background information is provided in the Complaint that discusses dates prior to December 20, 2019; however, events that took place prior to December 20, 2019 do not form the basis for Plaintiff's claims.  Plaintiff further denies that CDP and Guardian are entitled to their reasonable attorneys' fees and costs incurred in defending against claims regarding events that took place prior to December 20, 2019, as Plaintiff has asserted no such claims.  Plaintiff is without sufficient knowledge or information to form a belief regarding the truth of the remaining allegations contained in Paragraph 50 and therefore denies those remaining allegations.

## II. DEFENSES AND AFFIRMATIVE DEFENSES

10. One or more of Defendants' claims fails to state a claim from which relief may be granted.  Plaintiff has not asserted claims in his Second Amended Complaint against Defendants

PAGE 3 –  PLAINTIFF'S ANSWER TO DEFENDANTS COMMUNITY
DEVELOPMENT PARTNERS AND GUARDIAN
MANAGEMENT, LLC'S COUNTERCLAIM

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

8781515.1

related to conduct prior to December 20, 2019 and the confidentiality provision (paragraph 11) of the Confidential Mutual Release and Settlement Agreement entered into with CDP and Viridian and dated December 20, 2019 ("Agreement") is unconscionable (further discussed in ¶ 12, below). (*See Bagley,* 356 Or. at 554-555.)

11. Guardian lacks standing to bring this counterclaim for breach of contract, as it is not a party or an intended third-party beneficiary to the Agreement. (*See Sisters of St. Joseph of Peace, Health, & Hosp. Servs.*, 318 Or. at 375.)

12. The confidentiality provision of the Agreement (paragraph 11) is void and unenforceable because it is procedurally and substantively unconscionable. (*See Bagley,* 356 Or. at 554-555.) There was unequal bargaining power between Plaintiff and Defendant CDP, as CDP and Viridian were commercial entities, and Plaintiff was a private, disabled, low-income and elderly individual. As such, Plaintiff did not have a real opportunity to negotiate the terms of the Agreement, including the confidentiality provision. (*See id.* at 561.) In addition, the confidentiality provision of the Agreement contravenes public policy and the public interest. (*See id.* at 555.) Requiring the Plaintiff to keep the "existence, terms, and conditions" of the Agreement confidential goes against public policy that encourages disabled and elderly individuals to report complaints of discrimination and harassment.

13. Defendants have failed to mitigate their damages or avoid any negative consequences of their actions and, therefore, are not entitled to any recovery or must have any recovery reduced to the extent of their failure to mitigate. Defendants state they have incurred attorneys' fees and costs allegedly defending against claims released by the Agreement, but no such claims are brought forth in Plaintiff's Second Amended Complaint. Defendants have not filed for a protective order to keep the terms of the Agreement confidential, have never notified Plaintiff that he was in breach of the Agreement, and have repeatedly referred to the Agreement in their own pleadings.

14. Plaintiff is not liable to Defendants because of the doctrine of unclean hands. Defendants have made no affirmative attempts to keep the terms of the Agreement confidential,

PAGE 4 –   PLAINTIFF'S ANSWER TO DEFENDANTS COMMUNITY DEVELOPMENT PARTNERS AND GUARDIAN MANAGEMENT, LLC'S COUNTERCLAIM

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

8781515.1

such as filing for a protective order, and have repeatedly referred to the Agreement in their own pleadings.

15. Plaintiff is not liable to Defendants because of laches. (*See Rise v. Steckel*, 59 Or.App. 675, 684 (1982).) Plaintiff filed his original Complaint attaching the Agreement on February 4, 2021. Defendants knew that Plaintiff had attached the Agreement as of this date but did not file their counterclaim until 9 ½ months later, on November 16, 2021, as part of their Answer to Plaintiff's Second Amended Complaint. This results in such substantial prejudice to Plaintiff that it would be inequitable for the Court to grant relief to Defendants.

16. Plaintiff is not liable to Defendants because of Defendants' comparative fault. Defendants have made no affirmative attempts to keep the terms of the Agreement confidential, such as filing for a protective order, and have repeatedly referred to the Agreement in their own pleadings.

17. Plaintiff reserves his right to add additional affirmative defenses as appropriate.

### III.   PRAYER

18. For the reasons outlined herein, Plaintiff asks the Court to enter judgment that Defendants take nothing, dismiss Defendants' suit with prejudice, assess costs against Defendants and award Plaintiff all other relief the Court deems appropriate.

DATED: November 30, 2021

LANE POWELL PC

By: *s/ Courtney B. McFate*
Carter M. Mann, OSB No. 960899
Courtney B. McFate, OSB No. 202025
Telephone: 503.778.2100
Attorneys for Plaintiff

PAGE 5 – PLAINTIFF'S ANSWER TO DEFENDANTS COMMUNITY DEVELOPMENT PARTNERS AND GUARDIAN MANAGEMENT, LLC'S COUNTERCLAIM

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

8781515.1